**E'TOWN SHOPPING CENTER, INC., Robert L. Jenkens, et al., Petitioners,**

v.

**J. Howard HOLBERT, Judge, Hardin Circuit Court, Elizabethtown, Hardin County, Kentucky, Respondent.**

Court of Appeals of Kentucky.

March 27, 1970.

Robert E. Hogan, Louisville, for petitioners.

J. Howard Holbert, pro se.

CULLEN, Commissioner.

In E'Town Shopping Center, Inc. v. Lexington Finance Company, Ky., 436 S.W. 2d 267, this court reversed an order which had confirmed a judicial sale, and remanded the cause "for further proceedings consistent with this opinion." The opinion held that the sale of property to Airport Bowling Lanes, Inc., should be set aside and the property should be awarded to the original highest bidder, Samson Construction Company, the award being conditioned on Samson's compliance with the terms of the sale within such reasonable time as the circuit court might prescribe, *"failing which the property should be readvertized and resold"* (our emphasis).

Following the remand of the case Samson was given time and opportunity to comply with the terms of the sale, about which there was considerable argument, particularly as to the item of interest. Eventually Samson failed of compliance. Thereafter, on application of Airport Bowling Lanes, the circuit court entered an "Order and Judgment" purporting to confirm the original sale to Airport and to reaffirm the court's original order to the master commissioner to execute a deed to Airport.

The petitioners herein, who are parties to the action in which the judicial sale was held, and whose interests are affected by the amount to be realized from sale of the property, are seeking from this court an order requiring the respondent circuit judge to comply with the mandate of this court hereinbefore mentioned, directing a readvertizement and resale of the property upon Samson's failure to comply with the terms of the original sale, and requiring the respondent to set aside the "Order and Judgment" which undertook to confirm the original sale and to direct execution of a deed to Airport.

The response consists simply of allegations that Samson has acted in bad faith throughout the proceedings and never intended to make good its bid. No reason is suggested why that fact should nullify the mandate of this court.

The mandate was plain and clear. The opinion on which it was issued is the law of this case. The circuit court has no alternative but to comply with it. Taylor v. Mills, Ky., 320 S.W.2d 111; Noel's Adm'x v. Black's Adm'r, 244 Ky. 655, 51 S.W.2d 955. See Auto Finance & Sales Co. v. Northcutt, 277 Ky. 274, 126 S.W.2d 455; Cline v. Cline, 201 Ky. 318, 256 S.W. 386; Davis v. Davis, 182 Ky. 805, 208 S.W. 6; KRS 21.120.

It is ordered that the respondent set aside the "Order and Judgment" of January 22, 1970, and enter an order for readvertizement and resale of the property in question, in accordance with the previous mandate of this court.

All concur.