**Bobby BRUCE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

May 1, 1979.

Jack Emory Farley, Public Advocate, Rodney McDaniel, Asst. Public Advocate, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Bobby Bruce, an inmate of Kentucky State Penitentiary, was indicted for and convicted of the offense of attempted kidnapping of David Lear, an officer of the penitentiary staff. Bruce was sentenced to twenty years in the penitentiary in accordance with the jury verdict. The twenty-year sentence was adjudged to run consecutively to the sentence being served · by Bruce.

Our disposition of this case does not require a detailed recitation of the facts. We have reviewed the record and considered the many assertions of error and are of the opinion there is no showing of prejudicial error in any of Bruce's arguments with the exception of the assertion of error in the instructions given by the trial court.

The penalty portion of the trial court's instructions provided that if the jury found Bruce's guilty of attempted kidnapping, the jury "will fix his punishment from 20 years to life in the penitentiary, in your discretion." We observe that this curious instruction provided the penalty for the *commission* of a Class A felony, KRS 532.060(2)(a).

In the kidnapping statute, KRS 509.-040(2) provides that "[k]idnapping is a capital offense unless the defendant voluntarily releases the victim alive, substantially unharmed, and in a safe place prior to trial, in which case it is a Class B felony." In the criminal attempt statute, KRS 506.010(4)(b) provides: "A criminal attempt is a Class C felony when the crime attempted is a Class B felony." KRS 532.060(2)(c) provides the authorized terms of imprisonment for "a Class C felony, not less than five (5) years nor more than ten (10) years." It is apparent that the indictment charged an attempt to commit a Class B felony, and the jury should have been instructed to fix the penalty at not less than five nor more than ten years' imprisonment in accordance with KRS 532.060(2)(c).

The record does not reveal to us the reasons for the giving of the improper penalty instruction. At the close of all the evidence when the instructions were being considered by the trial court, the Commonwealth's attorney moved to amend the charge "from attempted capital kidnapping to attempted kidnapping, noncapital kidnapping, which would reduce the penalty from 20 years to life to 5 to 10 years." The Commonwealth's attorney then tendered instructions with a penalty range from five to a maximum of ten years. Trial counsel for Bruce objected to the motion on the ground that the reduced penalty range changed the Commonwealth's theory of the case and, in effect, changed the charge in the indictment. The trial court then denied the Commonwealth's motion and proceeded to give an erroneous penalty instruction.

We cannot understand why the trial court or counsel would have the idea that the indictment charged anything other than an attempt to commit a Class B felony. The indictment read that the defendant (Bruce) "did attempt to unlawfully restrain David Lear with intent to accomplish or advance the commission of a felony, or to inflict injury or to terrorize David Lear (Class A Felony)." We cannot visualize any circumstance that would constitute an attempt to commit a capital offense of kidnapping, or attempt to commit kidnapping characterized as a Class A felony as in this indictment, which is the election made in capital cases as provided in KRS 532.030.

In any event, the penalty instruction did not conform to any of the provisions of the criminal attempt statute, KRS 506.010, and authorized a penalty outside the penal code.

The Commonwealth argues CR 51(3) to the effect that Bruce cannot assign as error the giving of the instruction for the reason that he did not fairly present his position before the instruction was given, or that Bruce "invited the error" by objecting to the proper instruction tendered by the Commonwealth. This is a novel situation, and we approach it on the theory that fundamentally CR 51(3) stands for the proposition that the trial court should have any

defects in the proposed instructions called to his attention so that he is afforded the opportunity to give the correct instructions. We are of the opinion that under the circumstances of this case, the proper instruction to the jury was called to the attention of the trial court so as to preserve Bruce's argument for appellate review. Ordinarily if a defendant invites error we would not consider it. Here, however, the error was of such magnitude that we choose not to apply the invited error rule.

We are of the opinion that the assertions of trial error made by Bruce are without merit and that the conviction should stand. We are of the further opinion that the erroneous penalty instruction requires a new trial on the penalty phase only.

The judgment of the trial court is affirmed as to the conviction for attempted kidnapping, and the portion of the judgment fixing the penalty is reversed with directions that Bruce be given a new trial only for the purpose of the jury fixing an authorized punishment.

All concur.