**Gregory Lee WILSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 88–SC–50–MR.**

Supreme Court of Kentucky.

Feb. 9, 1989.

Kathleen Kallaher, Asst. Public Advocate, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Elizabeth A. Myerscough,· Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from the imposition of a life sentence by the circuit court judge upon resentencing for a wanton murder conviction which Wilson had previously received.

■ The sole issue is whether Wilson was entitled to be sentenced by a jury and not by the circuit judge.

Originally this Court affirmed a wanton murder conviction based on a jury verdict but reversed the sentence of life imprisonment without parole for twenty-five years because the jury failed to find the existence of a statutory aggravating factor before they sentenced Wilson pursuant to KRS 532.025(3).

On resentencing, the trial judge refused to allow Wilson to be sentenced by a jury and after considering a range of sentences from twenty years to life, he sentenced Wilson to life.

KRS 29A.270(1) provides that a defendant shall have a right to a jury trial in all criminal prosecutions. RCr 9.84(1) indicates that when the jury returns a guilty verdict it shall fix the degree of offense and the *penalty*, except where the penalty is fixed by law. *Franklin v. Commonwealth*, Ky., 490 S.W.2d 148 (1973) indicates that unless a defendant waives a defect in the verdict, RCr 9.84 gives him a procedural right to have the jury establish a punishment.

KRS 532.055(2) requires that upon a return of a guilty verdict by the jury, the court *shall* conduct a sentencing hearing before the jury and the jury will determine the punishment to be imposed. Only in the event that the jury is unable to agree on a sentence shall the judge impose the sentence. KRS 532.055(4).

■ Clearly, under Kentucky law a criminal defendant has a statutory right to have his sentence set by a jury. Wilson has not received proper jury sentencing as required by our statutes and rules of criminal procedure. The trial judge is not vested with the authority to abrogate a criminal defendant's right to jury sentencing by speculating on what sentence the jury would have imposed if properly instructed.

This Court vacates the sentence imposed by the circuit judge and orders a new sentencing hearing by a jury.

STEPHENS, C.J., and COMBS, LAMBERT and LEIBSON, JJ., concur.

VANCE, J., dissents by separate opinion in which GANT, J., joins.

VANCE, Justice, dissenting.

I respectfully dissent because I find nothing in the statutes or the criminal rules of procedure which requires an already overloaded court system to conduct a new trial and rehear all of the evidence in a case such as this in order that a new and different jury fix a sentence.

This appellant has already been tried and found guilty by a jury. His conviction has been upheld by this court. That jury heard all the evidence and fixed a sentence which it deemed to be appropriate.

The error was that a sentence of life without parole for 25 years could not be imposed lawfully absent a finding by the jury of a statutory aggravating factor. No such finding was required by the instructions and none was made. The simple fact is that the jury which heard the evidence unanimously thought that the appellant should be punished in a greater degree than was approved on appeal. The verdict, however, did not exceed the amount permitted by the instructions, and the jury cannot be faulted as having disregarded the instructions of the court.

All the evidence heard by the first jury will be heard again on retrial. It will simply be a case of a consideration of the evidence by 12 different people. There is no reason for such a second bite at the apple. There is no showing that the determination of the first jury was faulty in any way except that it was not properly instructed as to the maximum limit of the punishment it could impose. There is also no question that since the jury wanted to impose a sentence on the evidence of this case greater than a plain life sentence, that it would have imposed a life sentence if a life sentence had been the maximum it could have imposed under the instructions of the court.

The remand for resentencing in this case, in my opinion, authorized the trial judge to reduce the sentence to any degree within the statutorily permitted limits less than the sentence already fixed by a jury. This could be done without the intervention of another jury.

It is true that K.R.S. 29A.270(1) and 532.055(2) require a sentence by a jury, but here there has been a trial, and a jury has fixed the sentence. A reduction of that sentence by the trial judge, without the intervention of another jury, does not violate either statute.

GANT, J., joins in this dissent.