Robert WILLIAMSON, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 88–SC–157–MR.

Supreme Court of Kentucky.

April 6, 1989.

Allen Button, Gittleman Bleidt & Barber, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Michael L. Harned, Asst. Atty. Gen., Frankfort, for appellee.

LAMBERT, Justice.

This matter of right appeal is from appellant's conviction of two counts of trafficking in cocaine for which he received sentences totaling twenty years. In this proceeding, two claims of error are asserted.

For a proper understanding of the issues, it is necessary to review the procedural history of this case. In 1985, appellant was tried upon these charges and convicted. He received sentences totaling ten years. Upon appeal to the Court of Appeals, error was claimed, *inter alia*, in the trial court's instructions to the jury pertaining to the penalty to be imposed. Specifically, the instructions failed to inform the jury that in lieu of imprisonment a fine of not less than $5000 nor more than $10,000 might be imposed. The relief sought was a new trial on both guilt and punishment.

Despite appellant's failure to properly object to the instructions, the Court of Appeals reviewed the error pursuant to CR 61.02 and granted a measure of relief. In its opinion, the Court of Appeals said:

> Complying with the dictates of *Bruce v. Commonwealth*, Ky., 581 S.W.2d 8 (1979), a new trial is warranted on the penalty phase only, and appellant's conviction is otherwise affirmed. The newly impaneled jury will be advised of the appellant's guilt, as per the conviction,

and will be charged with the responsibility of fixing a sentence and/or imposing fine pursuant to KRS 218A.990(1).

Thus, appellant was granted a new trial on only the penalty phase with a new jury to impose sentence under a proper instruction. Appellant did not petition the Court of Appeals for rehearing or modification of its opinion nor did he move this Court for discretionary review. At the expiration of the prescribed time, the opinion of the Court of Appeals became final and the case was remanded to the trial court.

On remand, the trial court obeyed the direction of the Court of Appeals. Over appellant's objection, a new jury was selected for the purpose of fixing sentence and as a result of this proceeding, appellant received two ten-year sentences to be served consecutively.

■ The principal issue raised on this appeal is appellant's contention that KRS 532.055 requires determination of both guilt and penalty by the same jury and that the trial court and/or the Court of Appeals erred in ordering retrial only of the penalty phase by a different jury. Prior to addressing the merits, we must first determine whether this is properly before us or whether the "law of the case" doctrine precludes our consideration of this question.

■ It is fundamental that when an issue is finally determined by an appellate court, the trial court must comply with such determination. The court to which the case is remanded is without power to entertain objections or make modifications in the appellate court decision. *City of Lexington v. Garner*, Ky., 329 S.W.2d 54 (1959) and *E'town Shopping Center, Inc., v. Holbert*, Ky., 452 S.W.2d 396 (1970).

■ It necessarily follows, therefore, that if a party is aggrieved by an adverse appellate determination, his remedy is in an appellate court at the time the adverse decision is rendered. This is so because an objection in the trial court is futile and an appeal from the trial court's implementation of the appellate determination is nothing more than an attempt to relitigate an issue previously decided.

In *Siler v. Williford*, Ky., 375 S.W.2d 262 (1964), an action was brought for damages arising out of an automobile collision. On the first appeal (*Siler v. Williford*, Ky., 350 S.W.2d 704 (1961)), the judgment was reversed for erroneous instructions and the case remanded for a new trial. In its opinion on the first appeal, however, the Court of Appeals also decided a separate issue and determined that the question of plaintiff's contributory negligence was properly submitted to the jury. Upon retrial, similar evidence was presented upon the contributory negligence issue and this Court held that the law of the case doctrine governed the second appeal. We said:

When an appellate court decides a question concerning evidence or instructions, the question of law settled by the opinion is final upon a retrial in which the evidence is substantially the same and precludes the reconsideration of the claimed error on a second appeal.

375 S.W.2d at 263. Likewise, in *Martin v. Frasure*, Ky., 352 S.W.2d 817 (1962), upon the fifth appeal involving various phases of a thirty-year family legal feud, appellant attacked certain earlier proceedings on the grounds that they were "inequitable and unlawful." In response, we said:

A final decision of this Court, whether right or wrong, is the law of the case and is conclusive of the questions therein resolved. It is binding upon the parties, the trial court, and the Court of Appeals. It may not be reconsidered by prosecuting an appeal from a judgment entered in conformity therewith.

352 S.W.2d at 818. The policy underlying the rule was explained as follows:

Such decisions are in accord with the policy that all litigation should finally come to an end. The judgments entered in the Floyd Circuit Court in obedience to the mandates of this Court and the judgments therein from which no timely appeal has been taken or on which no timely attack has been made are final.

352 S.W.2d at 819.

■ For litigation to proceed in an orderly manner and finally settle the rights of

the parties, it is necessary for parties to timely assert the rights they claim to a court with power to grant the relief sought. *Martin v. Frasure, supra,* at 818. One cannot accept the benefits of that portion of an opinion which is favorable and later relitigate that portion which is not. Upon receipt of an appellate court opinion, a party must determine whether he objects to any part of it and if he does, petition for rehearing or modification or move for discretionary review. Upon failure to take such procedural steps, a party will thereafter be bound by the entire opinion.

In the case at bar, on appeal to the Court of Appeals (first appeal), appellant sought a new trial as to both guilt and punishment. The Court of Appeals denied the requested new trial as to guilt, but granted it as to punishment. At that time, it was incumbent upon appellant to seek further relief in the appellate courts or have the Court of Appeals opinion become the law of the case. In view of the effective date of KRS 532.055, and the date of the Court of Appeals opinion, appellant may not complain that he lacked an opportunity to assert whatever rights he claimed under the statute.*

Upon examination of the record in this case, we are convinced that the issue presented here is the same issue as heretofore litigated and finally settled by the Court of Appeals. *W.T. Grant Company v. Indian Trail Trading Post, Inc.,* Ky., 438 S.W.2d 91 (1969).

■ Despite our view that the issue presented is not properly before us, we simply observe that nothing in KRS 532.-055 requires submitting the issue of punishment to the same jury panel which determined guilt. In *Wilson v. Commonwealth,* Ky., 765 S.W.2d 22 (1989), while holding that KRS 532.055(2) requires punishment to be fixed by a jury rather than the trial judge, this Court approved submitting the issue of punishment to a jury panel different than the one which determined guilt. In *Commonwealth v. Crooks,* Ky.,

655 S.W.2d 475 (1983), we held it necessary under KRS 532.080 to impanel a new jury to try the PFO phase when the jury which determined guilt had been discharged for good cause. Likewise, in *Skaggs v. Commonwealth,* Ky., 694 S.W.2d 672, *cert. denied* 476 U.S. 1130, 106 S.Ct. 1998, 90 L.Ed. 2d 678 (1985), a death penalty case, at the sentencing phase, the jury was unable to agree upon the penalty to be imposed and was discharged. Later, a new jury was impaneled and the penalty phase retried. This Court found no error in the procedure employed and affirmed the conviction.

Thus, we have held that when the original jury is discharged for good cause in a PFO proceeding, it is proper to impanel a new jury to consider only the issue of punishment, and in a capital case, upon a determination that the jury is deadlocked, it is proper to impanel a new jury for the penalty phase only. Nothing contained in KRS 532.055 prohibits application of the foregoing decisions to this proceeding and we see no rational reason to require retrial of the entire case.

■ As to appellant's contention that reference to his prior marijuana conviction was prejudicial and requires reversal, the record does not reveal any objection to the evidence presented. Accordingly, this error is not preserved for our review. RCr 9.22. As we said in *Hockenbury v. Commonwealth,* Ky., 565 S.W.2d 448 (1978):

It is also clear from the record that trial counsel made no objection during the cross-examination of Hockenbury, nor did he object to the prosecutor's closing argument. This court has repeatedly held that absent proper objection, the failure to assert a claim in a trial court precludes its consideration on appeal.

*Id.* at 450.

■ Nevertheless, this claim is otherwise without merit. During retrial of the penalty phase, appellant produced evidence from a co-worker who said, "he (appellant) never indicated any association with drugs

---

* KRS 532.055 became effective on July 15, 1986. The opinion of the Court of Appeals was rendered on June 5, 1987.

at all.... a sentence to a prison for a first time offender would do nothing but teach them to break the law." On cross-examination, this witness was questioned as to whether he knew of appellant's prior drug trafficking convictions and it was shown that the witness had some knowledge of this, contrary to his testimony on direct examination. Even if there had been an objection, it would have been proper to admit such testimony to impeach the character witness. *Broyles v. Commonwealth,* Ky., 267 S.W.2d 73 (1954); *Shaw v. Commonwealth,* Ky., 497 S.W.2d 706 (1973).

For the foregoing reasons, the judgment of the trial court is affirmed.

All concur.