**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0073n.06
Filed: January 31, 2005

**Case No. 03-5647**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BILLY RAY COLLINS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| GEORGE MILLION, Warden, Eastern | ) | DISTRICT OF KENTUCKY |
| Kentucky Correctional Complex, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |

**BEFORE: BATCHELDER and GIBBONS, Circuit Judges; STAFFORD[*], District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.** Billy Ray Collins ("Collins") appeals the

district court's denial of his petition for writ of habeas corpus on his claim that the Commonwealth

of Kentucky denied him due process when it doubled his sentence by requiring his sentences to be

run consecutively. Because Collins failed to exhaust his state court remedies, we find that the

district court did not err in denying Collins's petition for a writ of habeas corpus.

**I.**

On July 23, 1997, a Letcher County, Kentucky, jury convicted Collins of two counts of

incest. According to the first page of the judgment entered by the Letcher Circuit Court on August

---

[*]The Honorable William H. Stafford, Jr., District Judge for the Northern District of Florida, sitting by designation.

1, 1997, the jury recommended consecutive sentences of seven years and six months on each count. The second page of the judgment states that

> "it is ADJUDGED BY THE COURT that the defendant is GUILTY of the following charges:
> CHARGE 1 – INCEST – SEVEN YEARS AND SIX MONTHS.
> CHARGE 2 – INCEST – SEVEN YEARS AND SIX MONTHS.

The second page further reflects that Collins was sentenced to "imprisonment for a maximum term of 7 YEARS 6 MONTHS (CT. 1) and 7 YEARS 6 MONTHS (CT. 2) in NEXT AVAILABLE (institution) to run ☐concurrently ☐consecutively with a previous sentence imposed." Neither the "concurrently" nor the "consecutively" box is marked, and the judge did not specify during the sentencing hearing whether the sentences were to be consecutive or concurrent. The Kentucky Department of Corrections ("DOC") originally calculated Collins's sentence as fifteen years, following the jury's recommendation that the sentences for incest run consecutively.

Collins filed a notice of appeal from his conviction and sentence on August 8, 1997. On February 2, 1998, the Court of Appeals dismissed the appeal for failure to file a brief or respond to the court's order to show cause for that failure. On February 3, 1999, through new counsel, Collins filed a motion in the Kentucky Court of Appeals to reinstate his appeal on the ground that his prior attorney had been suspended from the practice of law shortly after the show cause order was issued and had failed to advise Collins timely of his need to secure new counsel. The Court of Appeals granted Collins's motion to reinstate his appeal on March 9, 1999, but on September 13, 1999, Collins moved to dismiss his appeal because his new counsel had reviewed the record of trial and could not find any issues worthy of appealing. Although Collins explicitly stated in that motion that he would be filing a petition in the Letcher Circuit Court to clarify his sentence, no such petition was filed until May of 2001.

2

On October 25, 1999, the DOC sent Collins a letter notifying him that the DOC had "re-calculated" Collins's sentences to run concurrently for a total of seven years and six months in compliance with Kentucky Revised Statute ("KRS") 532.110(2), which provides that when the sentencing judgment does not specify how sentences are to run, sentences are to be concurrent. The DOC based its decision on the fact that neither the "consecutive" nor the "concurrent" box on the recorded judgment had been marked.

In April 2001, the DOC sent Collins a second letter, notifying him that the DOC was reversing its position and again calculating Collins's sentence to run a total of fifteen years. The DOC based this decision on information from the Commonwealth's Attorney to the effect that both the prosecuting attorney and the trial judge had intended that the sentences be consecutive. The DOC did not give Collins an opportunity to be heard on the matter.

Collins's attorney filed a "Motion to Clarify Sentence" on May 10, 2001, in Letcher Circuit Court, asking that "an appropriate order [issue] stating that the Defendant's sentence is 7 ½ years." The trial court denied the motion on August 2, 2001, stating that Collins's "Motion challenging the manner in which his sentences were calculated" had been filed after the time in which the court had jurisdiction to consider it. Collins did not appeal from that order.

Collins filed a state petition for writ of habeas corpus in the Morgan Circuit Court on July 3, 2001, arguing that the recalculation of his sentence to 15 years "is contrary to the mandates of KRS 532.110(2), and violative of Defendant's state and federal rights of due process of law," and that the recalculation "was apparently motivated by an unconstitutional ex parte conversation between the Circuit Judge and the Commonwealth Attorney." Collins prayed that his sentence be set at seven and a half years. The Morgan Circuit Court entered an order dismissing Collins's

3

petition for writ of habeas corpus on July 27, 2001, without stating its reasons. Collins moved to vacate that order and the Morgan Circuit Court denied the motion on October 16, 2001, again without articulating its reasons. Collins appealed the dismissal of his habeas petition to the Kentucky Court of Appeals, which, on December 1, 2001, affirmed. Collins filed this federal habeas petition in August of 2002.

**II.**

Noting that Collins's habeas petition did not specify the federal statute under which he sought relief, the district court construed the petition as one challenging the validity of the 15-year sentence resulting from the consecutive running of two 7 ½ year sentences, which is properly brought under 28 U.S.C. § 2254. Collins argues that his challenge is rather to the execution of his sentence, a challenge properly brought under 28 U.S.C. § 2241. We decline to decide this question because under either of these sections Collins is required first to exhaust his state court remedies, *see Urbina v. Thomas*, 270 F.3d 292, 295 n. 1 (6th Cir. 2001) (recognizing exhaustion requirement for petitions filed under 28 U.S.C. § 2241); 28 U.S.C. § 2254(b)(1)(A), which, as the district court properly concluded, he failed to do. Further, Collins has not stated any claim cognizable under either of these federal habeas corpus statutes because, as the district court properly concluded, and despite Collins's claim to the contrary, his claim is solely that his sentence was calculated in violation of state law. *See* 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).

The Kentucky Supreme Court has held that "ordinarily the [state] writ [of habeas corpus] will not be granted where there is another adequate remedy." *Commonwealth v. Marcum*, 873 S.W. 2d 207, 210 (Ky. 1994). There is no question that Collins, before petitioning for state habeas relief, did not pursue several possible state court remedies regarding his claim under KRS 532.110. First,

4

Collins could have sought clarification of the judgment from the trial court while the trial court had jurisdiction to amend its judgment. In Kentucky, the trial court loses jurisdiction to alter, amend, or vacate its judgment ten days after the judgment is issued, unless a motion to alter, amend or vacate is filed within that ten day period. *Marcum*, 873 S.W. 2d at 211. Collins failed to request within ten days of the judgment that the court check the appropriate box on the face of the judgment. Collins has not alleged prosecutorial misconduct to excuse that failure.

Even after the trial court lost jurisdiction to alter or amend the judgment, Collins could have sought clarification by filing a motion under Kentucky Rule of Civil Procedure 60.02.[1] In addition to seeking clarification, Collins could have sought an amendment of the judgment by way of a motion under Kentucky Rule of Criminal Procedure 11.42 collaterally attacking the judgment. *Marcum*, 873 S.W. 2d at 210-11. Collins did not pursue either of these options.

Collins did file a motion for clarification on May 10, 2001, after he received the *second* DOC letter, four years after the judgment was final. The trial court denied the motion, explaining in its order that it lacked jurisdiction because it appeared Collins's motion "challeng[ed] the manner in which his sentences were calculated," as opposed to simply requesting clarification. Collins could have appealed that order to the Kentucky Court of Appeals, arguing that his motion in the trial court sought clarification, not alteration, of the judgment. Collins did not file such an appeal.

We therefore conclude that the district court did not err in holding that Collins had failed to exhaust his state court remedies before filing this habeas petition.

---

[1]The Kentucky Rules of Civil Procedure are made applicable in criminal proceedings by Rule 13.04 of the Kentucky Rules of Criminal Procedure, which provides: "The Rules of Civil Procedure shall be applicable in criminal proceedings to the extent not superseded by or inconsistent with these Rules of Criminal Procedure."

Even if Collins properly exhausted his state court remedies, the DOC's action of re-instating his original 15-year sentence does not rise to the level of a due process violation. For Collins to succeed on his due process claim, he must show both that his reliance on the DOC's first letter was reasonable and that he suffered some harm from the DOC's changing its position as reflected in the second letter. Collins cannot demonstrate that his reliance on the first letter was reasonable.

Collins was on notice from the time of the entry of his judgment of conviction and sentence that his sentences were to run consecutively. The first page of the written Judgment and Sentence entered on August 1, 1997, recites the jury's recommendation that Collins serve his two seven-and-a-half-year sentences consecutively. Under Kentucky Rule of Criminal Procedure 9.84(1) and KRS § 532.055 the jury determines sentence length and recommends whether multiple sentences will run concurrently or consecutively. RCR 9.84(1) ("When the jury returns a verdict of guilty it shall fix the degree of the offense and the penalty except that the court may fix the penalty (a) in cases where the penalty is fixed by law and (b) in cases where the court is otherwise authorized by law to fix the penalty."); KRS 532.055(2) ("In the hearing the jury will determine the punishment to be imposed within the range provided elsewhere by law. The jury shall recommend whether the sentences shall be served concurrently or consecutively.); *see also Wilson v. Commonwealth*, 765 S.W. 2d 22, 22 (Ky. 1989) ("when the jury returns a guilty verdict it shall fix the degree of offense and the *penalty*, except where the penalty is fixed by law.") (emphasis in original). Collins does not claim in this habeas proceeding, nor did he ever claim before the state courts, that he did not receive a copy of that judgment, or that he was not aware of its written contents. Indeed, in his motion to withdraw his reinstated direct appeal, Collins indicated his intention to ask for clarification of the sentence.

6

The written judgment put Collins on notice of the possibility of a 15-year sentence, despite the trial court's failure to mark the "consecutive" box on the next page of the form.

Because Collins cannot demonstrate reasonable reliance on the DOC's first letter, he cannot demonstrate that the reinstatement of the DOC's initial determination that his sentences were to run consecutively denied him due process. Rather, his claim is simply that the trial court, in failing to mark the appropriate box on the judgment form, and the DOC, in reinstating the initial determination that the sentences should be consecutive, violated Kentucky law.

Finally, to the extent that Collins now argues that the denial of due process about which he now complains is the DOC's alleged reliance on ex parte communications with the prosecutor and the trial judge in reinstating its original determination that the sentences should run consecutively, we hold that the district court did not err in concluding that Collins did not exhaust this claim in the state courts.

For all of the foregoing reasons, we **AFFIRM** the judgment of the district court denying the petition for a writ of habeas corpus.

WILLIAM STAFFORD, District Judge, dissenting.

Because I cannot agree that Collins failed to exhaust his remedies, and because I think we should give the district court the opportunity in the first instance to consider the merits of Collins's due process claim, I must respectfully dissent.

## I.

In this case, Collins challenges the KDOC's most recent "calculation" of his sentence. In 1997, following Collins's conviction and sentence, the KDOC initially determined that Collins's two seven and one-half year sentences were to be served consecutively, making his total time of incarceration fifteen years. Collins's then-current counsel, who was later disbarred, filed a direct appeal of Collins's conviction and sentence but did not then challenge the KDOC's execution of the sentence. In 1999, soon after new counsel took over for Collins's disbarred counsel, and before Collins's direct appeal was dismissed by the Kentucky Court of Appeals, the KDOC informed Collins that, because the sentencing judgment did not specify how his sentences were to run, his sentence had been recalculated to run concurrently as required by KRS 532.110(2), making his total time of incarceration seven and one-half years instead of fifteen years. For obvious reasons, counsel did not then challenge the KDOC's execution of Collins's sentence. In 2001, more than a year later, the KDOC once again recalculated Collins's sentence, this time informing Collins that "[t]he prosecuting attorney and judge that imposed sentence on July 23, 1997 both agree that it was the intent of the court to follow the jury's recommendation for seven years and six months on Count 1 and seven years and six months on Count 2 with the sentences running consecutively for a fifteen-year sentence." J.A. at 40. Counsel soon after filed a petition

8

for writ of habeas corpus in the county where Collins was confined, challenging the KDOC's third calculation of Collins's sentence. Collins appealed the denial of his petition, and he unsuccessfully sought discretionary review by the Kentucky Supreme Court. By thus pursuing his claim regarding the KDOC's third execution of his sentence, I believe that Collins *did* exhaust the only remedies that are relevant here.

That Collins (and the state) failed to seek clarification of the sentencing court's judgment while that trial court had jurisdiction to amend its judgment, and failed to seek an amendment of the judgment by way of a motion under Kentucky Rule of Procedure 11.42, and failed to appeal the denial of his motion for clarification four years after the judgment was final, is of no consequence here. In this case, Collins chose to pursue his remedies against the KDOC for its alleged failure to properly execute his sentence. He has not challenged the judgment entered by the sentencing court. Indeed, he relies on, and bases his claims on, the judgment *exactly as it was issued by that state court*.

## II.

Kentucky law provides that "[i]f the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall run concurrently with any other sentence which the defendant must serve." KRS 532.110(2). Kentucky law does not require a sentencing court to adopt a jury's recommendation, and it does not require a judge to indicate how multiple sentences are to be served. In effect, Kentucky law creates a presumption that sentences are to be served concurrently *unless* the sentencing judge indicates otherwise. Here, the sentencing judge did not specify--in the sentencing hearing or on the judgment--the manner in which Collins's sentences were

9

to run. Because the state court's failure to specify how the sentences were to be served worked in Collins's favor, there was no obligation on his part to invite the court to clarify its sentence. Indeed, it must be remembered that while the state had an interest in having the trial court act upon the jury's recommendation, it nonetheless failed to seek clarification of the court's sentence or judgment thereon.

For approximately a year and a half, the KDOC applied KRS 532.110(2) to execute Collins's sentences concurrently, allowing Collins to think his total time of incarceration would be seven and a half years. Not until the sentencing judge and the prosecutor contacted the KDOC *ex parte* did the KDOC decide that it could, in effect, ignore the fact that the sentencing court failed to "specify the manner in which a sentence imposed by it is to run." KRS 532.110(2). An *ex parte* communication to prison officials, long after the state court had lost jurisdiction, hardly comports with the traditional notions of notice and an opportunity to be heard.

Collins complains that his due process rights were violated when the KDOC extended his time of incarceration in violation of KRS 532.110(2). Although the district court did not reach the due process claim, the majority dismisses the claim by saying that his claim is simply one of state law. I am not so sure. I would remand the case, directing the district court to consider whether Collins's due process rights were violated when the state court judge, through *ex parte* communication with the prosecutor and the KDOC, did, in effect, what he had no jurisdiction to do in fact: namely, amend the judgment to correct an omission that, by operation of state law, worked in Collins's favor.

10