Joanne BUCKLEY, Appellant

v.

Hon. Steve Alan WILSON, Judge,
Warren Circuit Court, et al.
Appellees.

No. 2004–SC–000727MR.

Supreme Court of Kentucky.

Nov. 23, 2005.

Lee Huddleston, Huddleston & Huddle-
ston, Attorneys at Law, Bowling Green,
Counsel for Appellant.

Steve A. Wilson, Judge, Warren Circuit Court, Bowling Green, David B. Sandler, Brent R. Baughman, Greenbaum Doll & McDonald PLLC, Louisville, Counsel for Appellees.

Opinion of the Court by Chief Justice LAMBERT.

Appellant Joanne (Joan) Buckley appeals from the Court of Appeals' denial of a writ of prohibition in which she sought to prevent the trial court from enforcing a pretrial order. Specifically, the order bars Appellant from presenting her claim for intentional infliction of emotional distress (IIED) to the jury. Because Buckley has failed to make the requisite showing for extraordinary relief, we affirm the Court of Appeals.

Buckley began working for The Kroger Company, d/b/a Country Oven Bakery, in 1981. She asserts that in 1996, the company forced her to discover and report to management any mistakes made by one of her fellow male co-workers, or alternatively be held responsible for his mistakes. She avers that this put her in a precarious position because she feared the co-worker and believed him to be dangerous. A few months after the management directive, the stress of the situation prompted Buckley to seek a physician's care. Despite being diagnosed with post-traumatic stress disorder, Buckley continued to work for approximately six more months. However, in April 1997, she went on full-time medical leave.

In May 1997, Buckley filed suit against the company under KRS 344.040 for disability discrimination and asserted a common law claim of IIED. In March 1998, she sent the Kroger Company a letter, indicating that she could return to her position if the company would make certain accommodations required by her physician, but the company refused, explaining that the accommodations would prevent her from doing the essential elements of her job. Buckley's one-year medical leave, the maximum allowed by the company, ended on April 9, 1998, leaving her unemployed.

Buckley pursued her claims against the company and prevailed on both the IIED claim and the disability discrimination claim. A jury awarded Buckley punitive as well as compensatory damages, medical expenses and damages for humiliation.[1] Buckley's claims were combined for the purpose of awarding damages, preventing the Court of Appeals from determining the amount awarded for each claim.[2] The company appealed the jury's verdict and the Court of Appeals vacated and remanded the case, holding that under its recent decision in *Wilson v. Lowe's Home Center*,[3] Buckley's IIED claim was subsumed by her discrimination claim.[4] *Wilson* held that a claim under Kentucky's discrimination statutes[5] preempted any common law claim such as IIED. Thus, the Court of Appeals vacated the judgment and remanded the case for a new trial.[6] Buckley chose not to seek discretionary review in this Court.

Buckley's original claim for damages alleged both statutory discrimination and common law IIED. However, after litigation was already underway, Kroger refused to make reasonable accommodations

1. *The Kroger Co. v. Buckley,* 113 S.W.3d 644 (Ky.App.2003).

2. *Buckley,* 113 S.W.3d 644.

3. 75 S.W.3d 229 (Ky.App.2001).

4. *Buckley,* 113 S.W.3d 644.

5. KRS 344.010 *et. seq.*

6. *Id.*

upon receipt of the March 1998 letter wherein Buckley requested to return to work under restrictions established by her physician. She contends that this latter action, alone, supports the discrimination claim, while the company's prior conduct which forced her medical leave supports the IIED claim. Buckley interprets *Wilson* to prohibit concurrent prosecutions of IIED claims and KRS Chapter 344 claims, only where the claims are based on the same set of facts. Thus, on remand, Buckley amended her claim for damages in an attempt to separate the company's conduct into two distinct sets of facts, one which supported the IIED claim and another which supported the discrimination claim. However, the trial court entered an order prohibiting Buckley from pursuing both claims. Buckley sought a writ of prohibition to prevent the trial court from enforcing this order.

Before we address the merits of Buckley's argument, we must evaluate the prerequisites for entitlement to extraordinary relief.[7] Because the trial court's order is interlocutory, immediate appeal is not available.[8] However, remedies traditionally available through common law writs, such as mandamus and prohibition, are allowed by the Rules of Civil Procedure.[9] Thus, Buckley brought an original action in the Court of Appeals for an extraordinary writ. She requested that the Court of Appeals clarify its earlier opinion and direct the trial judge to permit her to pursue both claims upon retrial of the case. The Court of Appeals denied Buckley's petition and she appeals to this Court.[10]

■ Extraordinary writs are disfavored, but may be appropriate when a lower court is acting without jurisdiction or acting erroneously within its jurisdiction.[11] In her brief to this Court, Buckley states, "[t]echnically this effort by Appellant to obtain relief pursuant to CR 76.36 is probably similar to those cases involving actions by the trial court within the trial court's jurisdiction where no adequate appeal is available and the petitioner would be irreparably harmed. But, in reality, it is an effort to prevent a court from acting outside of its jurisdiction." Buckley argues, in essence, that the appellate court's directive, if correctly interpreted by the trial court, allows the appellate court to determine the facts of the case upon retrial. She points out that jurisdiction to determine the facts is reserved exclusively for the jury.

Buckley has improperly framed the issue. As noted, she chose not to seek review of the Court of Appeals' initial decision which held, "[o]n remand, *Wilson* will operate to bar the concurrent prosecution of KRS Chapter 344 and IIED/outrageous conduct claims." But in her writ petition she took issue with the trial court's interpretation of this directive. She claims that the trial court's interpretation renders the Court of Appeals' opinion outside of its jurisdiction.

■ The trial court's order acknowledged that it was bound by the appellate court's decision which included the above

---

7. *Fritsch v. Caudill,* 146 S.W.3d 926 (Ky. 2004).

8. CR 54.02. *See also Vaught v. Vaught,* 296 Ky. 754, 178 S.W.2d 590 (1944).

9. CR 81.

10. Kroger moved to strike Buckley's reply brief to this court. Our ultimate determination to affirm the Court of Appeals' denial of her writ petition renders this issue moot.

11. *Bender v. Eaton,* 343 S.W.2d 799 (Ky. 1961).

directive. Essentially, the trial court determined that its ruling was mandated by the law-of-the-case doctrine. The law-of-the-case doctrine describes a principle which requires obedience to appellate court decisions in all subsequent stages of the litigation.[12] Thus, on remand, a trial court must strictly follow the mandate given by an appellate court in that case.[13] "The court to which the case is remanded is without power to entertain objections or make modifications in the appellate court decision. It necessarily follows, therefore, that if a party is aggrieved by an adverse appellate determination, his remedy is in an appellate court at the time the adverse decision is rendered."[14]

■ As previously stated, Buckley did not seek review of the Court of Appeals' initial decision. Instead, after the trial court interpreted that decision, she attacked the trial court's interpretation in her writ petition. However, it was the trial court's duty to interpret and apply the controlling appellate court decision.[15] A trial court, in interpreting an appellate court's decision, is not acting outside its jurisdiction even if its interpretation is erroneous.[16] That brings us to the prerequisites of obtaining an extraordinary writ where the court is alleged to be acting erroneously, though within its jurisdiction.

In such cases, the appellant must make a threshold showing before we review the merits of the alleged error.[17] Namely, there must be a showing that the appellant has no remedy by appeal and, in most cases, there must also be a showing of irreparable injury.[18] In the instant case, Buckley has not shown that she lacks an adequate remedy by appeal. If the trial court incorrectly interpreted the Court of Appeals' opinion, its order disallowing submission of the IIED claim to the jury will be subject to appellate correction.

Buckley's argument for inadequacy of a remedy by appeal centers on the delays involved in every lawsuit and appeal, including the practical difficulties of fading memories and unavailability of witnesses. However, this argument has been explicitly rejected by this Court in the past. For example, in *National Gypsum Company v. Corns,* we stated, "the delay incident to litigation and appeal by litigants who may be financially distressed cannot be considered as unjust, does not constitute irreparable injury, and is not a miscarriage of justice."[19]

For the foregoing reasons, we affirm the Court of Appeals' decision to deny Buckley's petition for an extraordinary writ.

All concur.

---

12. *Inman v. Inman,* 648 S.W.2d 847 (Ky. 1982).

13. *Williamson v. Com.,* 767 S.W.2d 323 (Ky. 1989) (citing *City of Lexington v. Garner,* 329 S.W.2d 54 (Ky.1959) and *E'Town Shopping Center, Inc., v. Holbert,* 452 S.W.2d 396 (Ky. 1970)).

14. *Williamson,* 767 S.W.2d at 325.

15. *Williamson,* 767 S.W.2d 323.

16. *Id.*

17. *Bender,* 343 S.W.2d 799.

18. *Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803 (Ky.2004).

19. 736 S.W.2d 325, 328 (quoting *Ison v. Bradley,* 333 S.W.2d 784, 786 (Ky.1960)).