RENDERED: DECEMBER 18, 2014
TO BE PUBLISHED

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL

2013-SC-000665-MR

DATE 1-8-15 [signature]

MONTRIAL DEMETRIUS JOHNSON                                    APPELLANT


                  ON APPEAL FROM FAYETTE CIRCUIT COURT
V.              HONORABLE THOMAS L. CLARK, JUDGE
                         NO. 10-CR-01014


COMMONWEALTH OF KENTUCKY                                      APPELLEE


**OPINION OF THE COURT BY JUSTICE NOBLE**

<u>**DISMISSING APPEAL**</u>

The Appellant, Montrial Demetrius Johnson, was previously convicted of three felony offenses and given concurrent sentences. This Court reversed one of his convictions, having concluded he was entitled to a directed verdict of acquittal, and affirmed the remaining convictions and sentences. On remand, he sought a new jury penalty phase on the affirmed convictions, arguing that the original jury heard sentencing evidence related to the reversed offense that it would not otherwise have heard, which he claims affected sentencing on those convictions. The trial court denied his motion and sentenced him to 20 years in prison, in conformity with the original sentence on the remaining convictions.

This Court concludes that Johnson was not entitled to a new penalty phase on the affirmed convictions because the trial court was bound by this Court's mandate on remand. Moreover, the effect of the reversed conviction on

the sentences for the other convictions was never raised in the original appeal, though it could have been. But Johnson was required to raise this issue in the original appeal and is barred from raising it in a subsequent appeal. This appeal is therefore dismissed.

## I. Background

In 2011, Johnson was convicted of first-degree wanton endangerment, first-degree fleeing or evading police, and second-degree burglary. The jury also found that Johnson was a first-degree persistent felony offender (PFO 1). As a result, the jury was instructed to sentence Johnson to a PFO-enhanced 10 to 20 years for each of the convictions and to decide whether to run the sentences consecutively or concurrently. The jury returned enhanced sentences of 20 years for the wanton-endangerment conviction, 10 years for the fleeing-or-evading conviction, and 10 years for the burglary conviction, all to run concurrently for a total of 20 years. The trial court sentenced Johnson accordingly.

He appealed to this Court, arguing that he should have been granted a directed verdict on the burglary charge, that the trial court gave improper jury instructions on the burglary charge, and that the prosecutor made improper comments in closing argument. This Court concluded that Johnson was entitled to a directed verdict of acquittal on the burglary charge. As a result, the Court "reverse[d] Johnson's second-degree burglary conviction and remand[ed] to the trial court for the entry of a directed verdict of acquittal on the burglary charge." *Johnson v. Commonwealth*, 2011-SC-000491-MR, 2013 WL 2297105, at *1 (Ky. May 23, 2013) (unpublished opinion). This Court also

2

held that the prosecutor's comments were not improper, and thus the other convictions were affirmed. The opinion's conclusion stated:

> [W]e reverse Johnson's second-degree burglary conviction and the sentence imposed for that conviction. We affirm all other convictions and sentences. We remand the case to the trial court for entry of a new judgment consistent with this opinion.

*Id.* at *5.

On remand, Johnson moved the trial court for a new penalty phase on the affirmed convictions. He argued that the now-reversed burglary conviction and evidence of the special penalty provision in KRS 532.080(7)—barring probation and requiring service of at least 10 years in prison when a Class C felony (like second-degree burglary) is PFO 1 enhanced—necessarily tainted the jury's consideration of sentencing for the other offenses, which were not Class C felonies. The trial court denied the motion. Instead, the court ordered a new presentence investigation report and conducted a new sentencing at which it considered probation because the remaining convictions were probation eligible. Nevertheless, the court rejected probation and sentenced Johnson to the 20 years originally recommended by the jury.

Johnson again appeals to this Court, claiming to do so as a matter of right.

## II. Analysis

Johnson argues, as he did below, that he was entitled to a whole new penalty phase. He notes that the jury was allowed to hear evidence related to parole eligibility and minimum time to be served that applied only to the

burglary charge, which this Court held should not have gone to the jury.[1] The Commonwealth, however, argues that Johnson was barred from seeking a new penalty phase because this Court affirmed the sentences for the other convictions and Johnson failed to raise the effect of the reversal of his burglary conviction on those sentences in a petition for rehearing.

This Court does not reach the merits of Johnson's claim because it agrees that Johnson was barred from seeking amendment of his sentence from the trial court for two reasons. First, the trial court was bound by this Court's mandate affirming the 20-year sentence, and any objection to this Court's decision was properly raised only in this Court. Second, even if this Court had not specifically affirmed the sentences, Johnson was not entitled to raise issues on remand that could have been raised in the initial appeal, which included the effect of a possible reversal of the burglary conviction.

This Court's mandate specifically stated that the burglary conviction and sentence were reversed but that the non-burglary convictions and sentences were affirmed. The opinion also ordered the trial court to enter a new judgment consistent with this conclusion.

---

[1] Johnson's argument is that because he was entitled to a directed verdict on the burglary charge, the jury was improperly allowed to hear about the effect of KRS 532.080(7), which states that a first-degree persistent felony offender shall not be eligible for probation unless all offenses are Class D felonies and must serve at least 10 years if convicted of a Class C or higher felony. Information about the effect of this statute was admitted because second-degree burglary is a Class C felony. Thus, the jury heard that Johnson would not be eligible for probation and would have to serve at least 10 years in prison based on that conviction, rather than becoming parole eligible after serving 20 percent. He claims that the jury's consideration of this evidence necessarily tainted its consideration of the sentences for the other two charges.

The trial court had no power to affect this Court's mandate and was instead bound by it. As this Court has stated quite strongly: "It is fundamental that when an issue is finally determined by an appellate court, the trial court must comply with such determination. The court to which the case is remanded is without power to entertain objections or make modifications in the appellate court decision." *Williamson v. Commonwealth*, 767 S.W.2d 323, 325 (Ky. 1989).

Thus, Johnson's motion "in the trial court [wa]s futile." *Id.* And the motion for a new penalty phase and the present appeal are "nothing more than an attempt to relitigate an issue previously decided." *Id.* Given the mandate of this Court, which included affirming the other convictions and *sentences*, the trial court was bound to enter a new judgment reflecting the original sentence for those charges, namely, a 20-year sentence.

If Johnson was dissatisfied with this outcome, then he was at the very least required to seek relief from this Court, and no other. "Upon receipt of an appellate court opinion, a party must determine whether he objects to any part of it and if he does, petition for rehearing or modification or move for discretionary review. Upon failure to take such procedural steps, a party will thereafter be bound by the entire opinion." *Id.* at 326.

Johnson had 20 days from the issuance of this Court's opinion in his appeal to file a petition for rehearing. CR 76.32(2). He filed no such petition. Therefore, he and the trial court to whom the decision was directed were bound by this Court's decision in full. And the trial court properly followed this

5

Court's mandate, albeit with some deviation not directly raised in this case,[2] over Johnson's objection by entering a new judgment reflecting the 20-year sentence.

Johnson attempts to avoid the effect of this Court's mandate by claiming that the affirmance of the sentences for the wanton-endangerment and fleeing-or-evading convictions was "merely dicta." He notes that he originally alleged errors affecting all his convictions, but that this Court disagreed as to the non-burglary convictions and, as a result, affirmed those convictions. He then claims, however, that it was unnecessary for this Court to add to its conclusion that it affirmed the other sentences because "those words added nothing to the judgment." To the extent that Johnson's originally alleged errors touched only on his convictions, and not directly on his sentences, he is technically correct that this Court's opinion did not resolve any claims of sentencing error that he raised (because he raised none).

But that does not mean this Court's affirmation of the sentences was "merely dicta." Johnson's challenge to his convictions was necessarily an indirect challenge to his sentences. If he had succeeded in having the other convictions set aside, their related sentences would also have been set aside.

---

[2] As noted above, the trial court ordered a new presentence investigation report and considered granting probation on remand. The reasoning laid out above would bar these actions, just as it barred a new penalty phase. Though that issue is not raised in the case before us, the trial court was bound by this Court's mandate in all respects and could not properly consider probation on remand. The defendant should have included in his appellate issues a request that upon reversal of the charge rendering him ineligible for probation, the matter be remanded for further proceedings where probation can be considered and a new judgment entered. Having failed to do so, he was not entitled to such consideration on remand.

6

More importantly, however, this Court does not have to decide the precise scope of *holding* versus *dictum* here because Johnson's argument raises to the surface yet another reason he was barred from challenging his sentence on remand: he never challenged the effect of the burglary information on his other sentences in the original appeal.

Given how often denials of directed-verdict motions are raised on appeal, and how frequently appellants have won those arguments, it is surprising to note that the effect of evidence of an improper conviction in arriving at the sentences on other proper convictions has not been addressed in our appellate decisions on direct appeals. This appears to be a case of first impression on this issue.

Johnson was entitled to only one direct appeal and was required to raise all challenges to the trial court's judgment that could be raised in that appeal.[3] Any issues not raised in that appeal are waived.

As this Court recently noted, a criminal defendant "is entitled to only one appeal as a matter of right." *St. Clair v. Commonwealth*, ___ S.W.3d ___, ___, 2014 WL 4113014, at *5 (Ky. Aug. 21, 2014). The implications of this legal fact are important because the "rules governing review of a trial court's final judgment in a criminal case are meant to be organized and complete," and "collectively create a structure that provides for wide-ranging opportunities for a defendant to challenge in all respects the legality and fairness of his conviction and sentence." *Hollon v. Commonwealth*, 334 S.W.3d 431, 437 (Ky.

---

[3] He was not required, for example, to raise claims of ineffective assistance of counsel in his direct appeal. *See Leonard v. Commonwealth*, 279 S.W.3d 151, 159 n. 3 (Ky. 2009).

7

2010) (citation and quotation marks omitted). "At each stage in this structure the defendant is required to raise all issues then amenable to review, and generally issues that either were or could have been raised at one stage will not be entertained at any later stage." *Id.*; *see also Hampton v. Commonwealth*, 133 S.W.3d 438, 444 (Ky. 2004) ("Generally, a litigant may not raise on a subsequent appeal any question that could have been raised as well as those that were raised upon a former appeal.").

Any issue that could have been raised but was not is treated as waived. *See Brown v. Commonwealth*, 313 S.W.3d 577, 610 (Ky. 2010). This is an "extension of the core law-of-the-case doctrine." *Id.* Although this rule normally bars an appellate court from reviewing issues that "could have been but were not challenged in a prior appeal," *id.*, it must also apply to bar the trial court from considering issues on remand that could have been but were not raised in the appeal.

Johnson was thus required to raise the potential effect of a reversal of his burglary conviction, which was the only conviction he challenged as lacking evidentiary sufficiency, on his other convictions and sentences in his first appeal. Failure to do so waived any complaint about the effect of the reversed conviction.

An argument could be made that this issue could not have been raised in the original appeal, whether because it was not a viable issue until this Court's reversal of the burglary conviction or because such an issue is simply too difficult to foresee. This argument must fail, however. Our appellate structure, and concomitant rules requiring issues to be raised where appropriate, are "an

8

attempt to balance society's and the defendant's interest in just and accurate criminal convictions with society's and the court's interest in the ultimate finality of judgments." *Hollon*, 334 S.W.3d at 437.

Finality requires that Johnson not be allowed to raise now (or on remand) issues that could have been raised in the original appeal. To hold otherwise would allow a new appeal every time a case is remanded for entry of a judgment in conformity with the appellate court's mandate. Such an appeal is proper only when the appellate court orders the trial court to make a decision on an issue (e.g., to consider an issue not previously addressed).

Johnson's counsel, who also represented him in the original appeal, was clearly capable of anticipating the effect of this Court's reversal of the burglary conviction because it was the natural consequence of prevailing on his appellate argument, and because he raised the issue before this Court's mandate could be carried out. He simply raised the issue too late and to the wrong court.

Although the effect of a reversal of the burglary conviction depended on this Court first reversing the conviction, any issue related to that reversal should have been included in the initial appeal. Alternative claims of relief are allowed, and if they are not brought together with the initial claim, they are treated as waived. This reasoning applies to conditional issues, i.e., those that depend on how the appellate court handles some of the issues in the case, like the effect of reversing the burglary conviction on the other affirmed convictions in this case. If they are not raised, they are waived.

9

This notion of waiver runs throughout the law. *See, e.g., Lee v. George*, 369 S.W.3d 29, 35–36 (Ky. 2012) (declining to extend writ to address order not included in the request for relief); *Allen v. Commonwealth*, 286 S.W.3d 221, 225–26 (Ky. 2009) (holding that failure to request specific relief after objection waives preservation of issue for appeal); *Derossett v. Commonwealth*, 867 S.W.2d 195, 198 (Ky. 1993) (holding failure to request further relief after court sustained objection to bar relief). Indeed, the standard rule is that this Court will decline to address *sua sponte* issues not raised by the parties on appeal. *See, e.g., Lane v. Lane*, 202 S.W.3d 577, 581 (Ky. 2006) (declining to address issue not raised in the brief).

That unraised issues are treated as waived is also why a petition for rehearing would have likely been insufficient in this case, even though that is the ordinary route for a party to challenge a portion of one of this Court's opinions. The rehearing rule itself specifically limits a petition for rehearing "to a consideration of the issues argued on the appeal," CR 76.32(b), "[e]xcept in extraordinary cases when justice demands it," *id.* As a result, error raised for the first time in a petition for rehearing will not be considered. *See Reed v. Reed*, 457 S.W.2d 4 (Ky. 1969); *Commonwealth, Dept. of Highways v. Thomas*, 427 S.W.2d 213, 217 (Ky. 1967); *Herrick v. Wills*, 333 S.W.2d 275, 276 (Ky. 1959). Thus, even if Johnson had raised this issue in a petition for rehearing, his failure to raise it in the original briefs would have amounted to a waiver.

This is not to say that lawyers must anticipate every possible permutation of an appellate court's decision, especially in very complex cases presenting many issues. But lawyers are required to reasonably anticipate the

10

effect of a court's decision, or a partial decision in a party's favor, and address in their briefs issues that would arise from such a decision.

It may, of course, be the case that an issue is not foreseeable. In such a rare instance, a petition for rehearing may be the appropriate avenue for seeking relief. This sometimes occurs when there is a change in the law during the pendency of a case, or when the Court itself raises legal questions that were overlooked but are essential to a decision. But the effect of this Court's finding that a directed verdict was required for the burglary conviction while affirming the other convictions and sentences was a reasonably foreseeable issue. If it was not a viable argument capable of being approved, then counsel would not have raised it. And no one is in a better position to understand the effect of winning an argument than the person who makes the argument.

A lawyer should always ask herself: What happens if I win (or lose)? Part of understanding an argument is understanding the effect of winning the argument. Here, Johnson claims that having won his appeal of the denial of his directed-verdict motion, his other sentences are tainted because of evidence presented on the charge for which he was entitled to the directed verdict. Clearly, at the time Johnson argued on appeal that he was entitled to a directed verdict on the burglary charge, he had to have known how the evidence relating to that charge could have affected the jury's decision in the penalty phase. If he wanted relief on appeal, he had to ask for it as a consequence of winning on that issue in his direct appeal.

Finally, it is necessary to note that because Johnson was entitled to only one appeal, any subsequent appeal of the original sentence, such as this one,

is improper. As discussed above, Johnson waived any issue not raised on the original appeal, and the trial court was bound by this Court's mandate. The trial court in fact entered a judgment conforming to this Court's mandate. That action was not appealable. Johnson's attempt to inject the issue of a new penalty phase into his case upon remand does not entitle him to an appeal of the trial court's decision denying his motion for a new penalty phase, as that motion was improper from the beginning.

This reasoning affects this Court's disposition of this case. While the discussion above would require, at the very least, the affirmance of the trial court's final judgment, that Johnson has already had his one appeal requires that this appeal be dismissed. This Court's opinion required no further proceedings (such as a retrial, a hearing, or a resentencing at which probation was to be considered) that might have allowed a new issue to be injected into this case and that would justify a further appeal. Rather, this Court reversed one conviction and affirmed the others (and their sentences). Johnson would have been entitled to relief (albeit by writ) only if the trial court had *not* followed this Court's mandate on remand. Thus, his appeal, like his motion to the trial court, was improper.

### III. Conclusion

For the foregoing reasons, this appeal is dismissed.

All sitting. All concur.

12

COUNSEL FOR APPELLANT:

V. Gene Lewter
Department of Public Advocacy
100 Fair Oaks Lane
Suite 302
Frankfort, Kentucky  40601


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General

Jeffrey Allan Cross
Assistant Attorney General
Office of Criminal Appeals
Attorney General's Office
1024 Capital Center Drive
Frankfort, Kentucky  40601