RENDERED: APRIL 4, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0188-MR

LILLY SULLIVAN                                                                          APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE JESSICA E. GREEN, JUDGE
ACTION NO. 14-CI-005762

LIBERTY MUTUAL FIRE
INSURANCE COMPANY                                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, A. JONES, AND MCNEILL, JUDGES.

MCNEILL, JUDGE: This is a ten-year-old automobile insurance case. Appellant is the insured, Lilly Sullivan (Sullivan). Appellee is the insurer, Liberty Mutual Fire and Insurance Company (Liberty). In 2014, Sullivan's pick-up truck was involved in a one-vehicle wreck. She filed a claim with Liberty pursuant to her automobile policy. The vehicle was determined to be totally damaged. Liberty

initially offered her $6,210.84 for its fair market value. Liberty's valuation, and subsequent valuations, were based on various statistical and individualized models and methods. *See* 806 KAR[1] 12:095 §7(b) (providing methods for determining value of compensation for total loss of motor vehicle).

Sullivan declined Liberty's multiple offers and filed suit in Fayette Circuit Court alleging breach of contract and bad faith. These issues were bifurcated. The contract case proceeded to trial and resulted in a jury verdict in Liberty's favor. Sullivan appealed. Therein, the Court held: "The central issue is whether the trial court erred by *sua sponte* including an interrogatory in the jury instructions asking if Liberty met its contractual obligations to Sullivan. After careful review, we conclude the interrogatory was improper and vacate and remand." *Sullivan v. Liberty Mut. Fire Ins. Co.*, No. 2017-CA-000595-MR, 2019 WL 4389030, at *1 (Ky. App. Sep. 13, 2019).[2]

On remand, the circuit court granted summary judgment on the contract claim in favor of Liberty. Years passed and the case remained on the court's docket. However, the court eventually granted summary judgment on the bad faith claim and denied subsequent post judgment motions, thus making this

---

[1] Kentucky Administrative Regulations.

[2] Curiously, the Court also found that "[i]n January 2015, Liberty sent Sullivan a check for $6,355, which Sullivan cashed. But the lawsuit continued." *Id*.

case proper for appeal. Sullivan now appeals as a matter of right. Her sole issue is that, pursuant to this Court's previous decision, the circuit erred in granting summary judgment. She concludes that the case should proceed to trial again. We disagree.

To be clear, Sullivan does not contest the merits of the summary judgment orders. Her argument is essentially that because the circuit court previously determined that there were fact issues for the jury, then it must retry the case based on the law of the case doctrine. *See Puckett v. Cabinet for Health & Family Servs.*, 621 S.W.3d 402, 409 (Ky. 2021) ("legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case") (internal quotation marks and citation omitted). We do not believe that the law of the case doctrine requires reversal here.

Several statements from this Court's previous unanimous decision in *Sullivan* are instructive. First, the Court observed that the jury was asked "to interpret Sullivan's facially unambiguous insurance policy, which is a legal question reserved for determination by the court." *Sullivan*, 2019 WL 4389030, at *2. The Court found that "Sullivan has not shown how either [valuation] report fails to comply with the core requirements of 806 KAR 12:095 §7." *Id*. at *3. The Court then addressed several evidentiary issues concerning valuation evidence presented at trial and concluded its decision mandating that the case be "remanded

for further proceedings consistent with this opinion." *Sullivan*, 2019 WL 4389030, at *6.

On remand, the circuit court was asked to again consider summary judgment regarding liability – per the terms of the insurance policy. This time, the court granted summary judgment in Liberty's favor, thus finding no breach, and therefore rendering damages and the bifurcated bad faith claim moot. This is well within the purview of the circuit court.

A circuit court must "strictly follow the mandate given by an appellate court . . . ." *Buckley v. Wilson*, 177 S.W.3d 778, 781 (Ky. 2005). However, the court also has a duty "to interpret and apply the controlling appellate court decision . . . ." *Id. See also* 5 AM. JUR. 2D *Appellate Review* § 685 ("To interpret and enforce a mandate, a trial court should refer not only to the mandate itself, but also to the opinion of the appellate court . . . . [T]he court may examine the rationale of an appellate opinion in order to discern the meaning and language of the court's mandate.") (footnote citations omitted). The Kentucky Supreme Court has most succinctly addressed a similar issue: "[a]lthough the Court of Appeals remand[s] to the circuit court for a new trial, that does not literally require that [the case] be retried . . . . In fact, any number of legitimate things might prevent a retrial." *Dunn v. Maze*, 485 S.W.3d 735, 743 (Ky. 2016). Having considered the record and the law, we AFFIRM.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Philip J. Edwards
Michael F. Lawrence
Louisville, Kentucky

BRIEF FOR APPELLEE:

Douglas W. Langdon
Christopher G. Johnson
Jason P. Renzelmann
Liam E. Felsen
Louisville, Kentucky