RENDERED: APRIL 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0047-MR

TRILOGY HEALTHCARE OF
FAYETTE I, LLC D/B/A THE
WILLOWS AT HAMBURG; CARA
CLARK, IN HER CAPACITY AS
EXECUTIVE DIRECTOR OF TRILOGY
HEALTHCARE OF FAYETTE I, LLC
D/B/A THE WILLOWS AT HAMBURG;
TRILOGY HEALTH SERVICES, LLC;
TRILOGY HEALTHCARE CENTERS,
LLC; TRILOGY INVESTORS, LLC;
TRILOGY MANAGEMENT
HOLDINGS, LLC; AND TRILOGY
MANAGEMENT SERVICES, LLC                                      APPELLANTS


                        APPEAL FROM FAYETTE CIRCUIT COURT
v.                      HONORABLE ERNESTO SCORSONE, JUDGE
                        ACTION NO. 14-CI-01890



JOEL TECHAU, AS CO-EXECUTOR OF
THE ESTATE OF KENNETH C.
TECHAU; JOEL TECHAU,
INDIVIDUALLY; NEAL TECHAU,
INDIVIDUALLY; AND NEAL
TECHAU, AS CO-EXECUTOR OF THE
ESTATE OF KENNETH C. TECHAU                                   APPELLEES

OPINION
REVERSING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Trilogy Healthcare of Fayette I, LLC d/b/a The Willows at Hamburg; Cara Clark, in her capacity as Executive Director of Trilogy Healthcare of Fayette I, LLC d/b/a The Willows at Hamburg; Trilogy Health Services, LLC; Trilogy Healthcare Centers, LLC; Trilogy Investors, LLC; Trilogy Management Holdings, LLC; and Trilogy Management Services, LLC (collectively referred to as appellants) bring this appeal from a December 15, 2020, Opinion and Order of the Fayette Circuit Court.  We reverse.

Before his death, Kenneth C. Techau was a resident of the Willows at Hamburg, a long-term health care facility.[1]  On May 16, 2014, Joel Techau, as co-executor of the estate of Kenneth C. Techau; Joel Techau, individually; Neal Techau, individually; and Neal Techau, as co-executor of the estate of Kenneth C. Techau (collectively referred to as appellees) filed a complaint in Fayette Circuit Court against, *inter alios*, appellants.  Appellees claim that appellants acted negligently, recklessly, and violated Kentucky Revised Statutes (KRS) 216.515 in

---

[1] A recitation of the facts leading to Kenneth C. Techau's death can be found in *Trilogy Healthcare of Fayette I, LLC v. Techau*, 605 S.W.3d 60, 63-65 (Ky. App. 2019).

the care of Kenneth and wrongfully caused the death of Kenneth. Appellees sought both compensatory and punitive damages.

Eventually, a jury trial ensued in August 2017. The jury found that appellants violated their respective duties set forth in KRS 216.515(19) and acted negligently in their care of Kenneth. Consequently, the jury awarded appellees compensatory damages. Additionally, the jury found that appellants' actions were grossly negligent and awarded appellees punitive damages. In total, the jury awarded appellees $105,124.15 in compensatory and punitive damages against appellants.

Thereafter, appellees filed a motion for attorney's fees pursuant to KRS 216.515(26).[2] Appellees pointed out that the jury found that appellants violated KRS 216.515(19) in the care of Kenneth, thus entitling them to attorney's fees under KRS 216.515(26).

By Trial Order, Verdict and Judgment entered October 11, 2017, the circuit court rendered judgment against appellants for $5,124.15 in compensatory damages and $100,000 in punitive damages. Appellees were further awarded $260,984.59 in attorney's fees per KRS 216.515(26).[3]

---

[2] We note that Kentucky Revised Statutes 216.515(26) was amended effective March 25, 2022, but such amendment has no bearing on this appeal.

[3] The final judgment also included $3,001.01 for recoverable court costs for a total judgment of $108,125.16, exclusive of attorney's fees.

Appellants directly appealed the October 11, 2017, judgment to the Court of Appeals. In *Trilogy Healthcare of Fayette I, LLC v. Techau*, 605 S.W.3d 60, 63-65 (Ky. App. 2019), the Court of Appeals affirmed the damages award, including punitive damages, but reversed and remanded the award of attorney's fees. As to the award of attorney's fees, the Court determined that appellees' claim under KRS 216.515(19) did not survive the death of Kenneth. Consequently, the Court of Appeals concluded there was "no legal authority for an award of attorney's fees under KRS 216.515(26)." *Techau*, 605 S.W.3d at 67-68.

Upon remand to the circuit court, appellees filed a Motion for Judgment on the Law of the Case as to Violation of KRS 216.515(6) and Motion for Award of Attorneys' Fees. Appellees argued that at trial, they tendered jury instructions as to a violation of KRS 216.515(6); however, the circuit court had declined to instruct the jury thereupon. Nonetheless, appellees argued:

> The COA [Court of Appeals] has affirmed the factual bases for clear violation of KRS 216.515(6). The Court details those bases on pages 14 through 16 of its Opinion and Order. Then, the Court finds: 'We hold that the egregious conduct of The Willows – for the brief time that Kenneth was a resident at the facility – combined with the minimal amount of compensatory damages to his estate, support the amount of punitive damages imposed by the jury.'
>
> Therefore, the law of the case, the determination of egregious conduct by respondents, provide an independent basis for the trial court to affirm the trial

court's award of attorneys' fees under (6) instead of (19) of KRS 216.515. . . .

Motion for Attorneys' Fees at 4-5. Appellants filed a response and argued that the Court of Appeal's Opinion was clear that appellees were not entitled to attorney's fees under KRS 216.515(26). Appellants also maintained that appellees waived any entitlement to an award of attorney's fees per KRS 216.515(26) based upon violation of KRS 216.515(6).

By Opinion and Order entered December 15, 2020, the circuit court awarded appellees $260,984.59 in attorney's fees under KRS 216.515(26). In so doing, the court reasoned:

> In the present case, the jury obviously made a finding of personal injury under Instruction No. 2 and awarded damages for the associated medical and hospital expenses. Further, the jury found the defendant's conduct to be grossly negligent, [and] outrageous. The COA sustained the jury's finding and expressly held that the 'harm' caused by the Willows was 'physical rather than economic.' Then the COA stated: 'There was substantial evidence presented to the jury that each of the actions taken (or in some instances, not taken) by the Willows played a role in causing Kenneth's death. We conclude that the evidence of the degree of reprehensibility of the Willows was substantial.'
>
> Under *Overstreet* [*v. Kindred Nursing Centers Ltd. P'ship*, 479 S.W.3d 69 (Ky. 2015)], where there has been a finding of personal injury to a resident caused by a nursing home, the nursing home has violated subsection 6 of the Resident's Rights statute. The COA has affirmed the factual basis for clear violation of KRS 216.515(6). The Court details those bases on pages 14

-5-

through 16 of its Opinion. Then the Court found: 'We hold that the egregious conduct of The Willows – for the brief time that Kenneth was a resident at the facility – combined with the minimal amount of compensatory damages to his estate, support the amount of punitive damages imposed by the jury.'

Therefore, the law of the case, the determination of egregious conduct by defendants, provide an independent basis for the trial court to find a violation of KRS 216.515(6). Plaintiffs preserved the claim under KRS 216.515(6) by tendering a jury instruction incorporating that section. . . .

The COA has remanded this matter to this Court for proceedings not inconsistent with its Opinion. This Court finds that the jury determinations and the COA's Opinion that the conduct of the defendants was reprehensible is 'law of the case' and pursuant to [Kentucky Rules of Civil Procedure] CR 56 there are more than sufficient facts, established by the jury and COA, for this Court to find violation of KRS 216.515(6) without a new jury trial on that issue.

Therefore, the Court finds as a matter of law, CR 56 and the law of the case, that the jury and COA has found and affirmed the factual basis for clear violation of KRS 216.515(6).

Opinion and Order at 4-5 (citations omitted). This appeal follows.

From the record, it appears that the circuit court rendered its December 15, 2020, Opinion and Order pursuant to Kentucky Rules of Civil Procedure 56. A summary judgment is proper where there exists no genuine issue of material fact and movant is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991). All facts and

inferences therefrom are reviewed in a light most favorable to the non-moving party. *Id.* However, if there are no factual issues, a summary judgment looks only to questions of law, and our review is *de novo*. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016). In this appeal, there are no factual disputes. Our review proceeds accordingly.

Appellants contend that the circuit court committed reversible error by awarding appellees $260,984.59 in attorney's fees under KRS 216.515(26). Appellants initially argue that the award of attorney's fees is in contravention of this Court's Opinion in *Techau*, 605 S.W.3d 60. Moreover, appellants note that appellees did not file a protective cross-appeal after the jury trial, raising as error the circuit court's failure to submit a jury instruction to the jury pursuant to KRS 216.515(6) at trial. As a result, appellants maintain that appellees waived any claim thereunder. Appellants further assert that the circuit court abused its discretion and improperly denied them a jury trial upon the attorney's fees claim under KRS 216.515(6).

In Kentucky, the law of the case doctrine is a rule "universally recognized, that an opinion or decision of an appellate court in the same cause is the law of the case for a subsequent trial or appeal[.]" *Union Light, Heat & Power Co. v. Blackwell's Adm'r*, 291 S.W.2d 539, 542 (Ky. 1956); *Rehm v. Ford Motor Co.*, 365 S.W.3d 570, 578 (Ky. 2011). So, the questions or issues resolved in an

appellate opinion may not be subsequently reconsidered. *Brown v. Commonwealth*, 313 S.W.3d 577, 610 (Ky. 2010); *Newman v. Newman*, 451 S.W.2d 417, 420 (Ky. 1970). Our Supreme Court has held that "[i]t is a trial court's duty to apply the decision of an appellate court." *Rehm*, 365 S.W.3d at 578. And, the application of the law of the case doctrine presents an issue of law. *Kincaid v. Johnson, True & Guarnieri, LLP*, 538 S.W.3d 901, 917 (Ky. App. 2017).

To decide this issue, we must initially undertake a review of the Court of Appeals' Opinion in *Techau*, 605 S.W.3d 60. In relevant part, our Court concluded:

### I. Appellees' claims under KRS 216.515

The Willows argues [sic] that the circuit court erred in several respects with regard to Appellees' claims under KRS 216.515, also known as the Residents' Rights statute: (1) the claims should have been dismissed because they do not survive the death of the resident; (2) because the claims should have been dismissed, the circuit court erred by submitting jury instructions regarding any alleged violations of KRS 216.515; (3) the circuit court erred in applying KRS 216.515(26) in its decision to award attorney's fees to Appellees. After careful review, we agree, reverse and remand.

Because only issues of law are involved in interpretation of KRS 216.515, our review is *de novo. Overstreet v. Kindred Nursing Centers Limited Partnership*, 479 S.W.3d 69, 73 (Ky. 2015).

Appellees have two claims under KRS 216.515. The first claim, set forth in jury instruction 1B, is pursuant to KRS 216.515(19) which states:

> Every resident and the responsible party or his responsible family member or his guardian has the right to be fully informed of the resident's medical condition unless medically contraindicated and documented by a physician in the resident's medical record.

The second claim, set forth in jury instruction 1C, is pursuant to KRS 216.515(22) which states:

> The resident's responsible party or family member or his guardian shall be notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident.

KRS 216.515(26) was not part of the jury instructions but was relied upon by the circuit court in awarding attorney's fees to Appellees. It states, in relevant part,

> Any resident whose rights as specified in this section are deprived or infringed upon shall have a cause of action against any facility responsible for the violation. The action may be brought by the resident or his guardian[.] . . . Any plaintiff who prevails in such action against the facility may be entitled to recover reasonable attorney's fees, costs of the action, and damages. . . .

We note that jury instruction 1A does not fall under KRS 216.515, or any Kentucky statute. The language of this instruction reads:

> Each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental and psychological well-being, and consistent with the resident's comprehensive assessment and plan of care.

This language appears to be lifted, verbatim, from an outdated version of 42 C.F.R. § 483.25, in effect from October 7, 2005[,] through November 27, 2016. This section of the Code of Federal Regulations' scope, as defined in 42 C.F.R. § 483.1, contains only "the requirements that an institution must meet in order to qualify to participate as a Skilled Nursing Facility in the Medicaid program. They serve as the basis for survey activities for the purpose of determining whether a facility meets the requirements for participation in Medicare and Medicaid." Appellees argued to have this language included with jury instructions 1B and 1C, which contain language lifted directly from the Residents' Rights statute. It is unclear from the record how much, if at all, the circuit court relied on the jury's finding that The Willows had violated the "right" contained in instruction 1A when awarding attorney's fees to Appellees.

We review Appellees' claims under KRS 216.515 in the context of *Overstreet.* In that case, the estate of the deceased resident brought action against the nursing home under KRS 216.515(6), (18), (20), and (22). The Kentucky Supreme Court held that KRS 216.515(6) codified the common law duty to avoid negligently or intentionally injuring another person. *Id.* at 76. The Court further held that, because it was a common law claim, it survived the death of the resident. However, the Court found that the plaintiff's remaining claims, including the claim made under subsection (22), did not survive the death of the resident. The Court held that the various subsections of KRS 216.515 "authorize court action as needed to compel compliance with statutory

-10-

protections designed for the benefit and enjoyment of residents *during their lifetimes.*" *Id.* at 77 (emphasis added). In the event that violations of the statute actually resulted in injury to the resident or damage to his property, then the existing common law causes of action would survive pursuant to KRS 411.140, to redress the grievance on behalf of his estate. *Id.* at 77-78.

We note that the claims as presented under jury instructions 1A – C and jury questions 1 – 3 were not submitted to the jury for the purpose of awarding damages to Appellees. Indeed, the jury instructions did not allow for an award of damages based on violation of KRS 216.515. The Willows argued that an award of damages under the statute would result in double recovery if the jury also found a violation of the standard duty of care. The circuit court agreed. Compensatory damages were awarded by the jury based on instructions for violation of the standard duty of care. The circuit court allowed the jury to find that The Willows had violated the provisions of KRS 216.515 (or not) only for the purpose of determining whether the court would award attorney's fees under KRS 216.515(26). Under the instructions given, the jury found that The Willows violated KRS 216.515(19). The circuit court cited this finding by the jury in awarding attorney's fees to Appellees after the trial. The record shows that at no time have Appellees argued any authority other than KRS 216.515(26) for the award of attorney's fees.

*Overstreet* is controlling on this matter. The Kentucky Supreme Court directly addressed Appellees' claim under KRS 216.515(22) in *Overstreet.* The Court held that this claim does not survive the death of the resident. *Id.* at 78. We agree and similarly hold that Appellees' claim under KRS 216.515(19) also does not survive the death of Kenneth because it is not related to injury to Kenneth or his property. Because these claims expired at Kenneth's death, jury instructions regarding the claims were improper. Further, because the claims

-11-

expired at Kenneth's death, there is no legal authority for an award of attorney's fees under KRS 216.515(26). There is also no legal authority for awarding attorney's fees under jury instruction 1A and jury question 1, seemingly lifted directly from an outdated federal regulation. Accordingly, we remand the circuit court's order awarding attorney's fees to Appellees for proceedings not inconsistent with this opinion.

*Id.* at 66-68 (citations and footnotes omitted).

From the above, it is clear that the Court of Appeals directly addressed and decided the issue of appellees' entitlement to attorney's fees under KRS 216.515(26) in *Techau*, 605 S.W.3d 60. Likewise, there were no jury instructions based upon KRS 216.515(6) presented at trial in this case nor was this issue preserved for appellate review in the first appeal. As noted in *Techau*, the jury instructions did not allow for an award of damages for violations of KRS 216.515. *Techau*, 605 S.W.3d at 67. Upon concluding that appellees' claim pursuant to KRS 216.515(19) did not survive the death of Kenneth, the Court held that "there is no legal authority for an award of attorney's fees under KRS 216.515(26)." *Techau*, 605 S.W.3d at 67-68. This holding is plain, unambiguous, and conclusive as law of the case upon the issue of attorney's fees per KRS 216.515(26), and it is binding upon the parties, the circuit court, and this Court. Under the law of the case doctrine, a trial court must "strictly follow the mandate given by an appellate court in that case." *Buckley v. Wilson*, 177 S.W.3d 778, 781 (Ky. 2005).

Accordingly, the circuit court's award of attorney's fees to appellees under KRS 216.515(26) was error as it violated the law of the case doctrine. For this reason, we reverse the circuit court's award of $260,984.59 in attorney's fees per KRS 216.515(26).

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, we reverse the Opinion and Order of the Fayette Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Edmund J. Benson
Lexington, Kentucky

BRIEF FOR APPELLEE:

Thomas K. Herren
Lexington, Kentucky