**UNIVERSITY MEDICAL CENTER, INC. d/b/a University of Louisville Hospital, Appellant**

v.

**Michael G. BEGLIN, Executor of the Estate of Jennifer W. Beglin; Michael Beglin; and Michael G. Beglin, Parent and Next Friend of the minors, William Patrick Beglin and Kelly Ann Beglin, Appellees.**

Nos. 2012–CA–001566–MR, 2012–CA–001208–MR.

Court of Appeals of Kentucky.

April 25, 2014.

Edward H. Stopher, Raymond G. Smith, Michelle L. Duncan, Louisville, KY, for appellant.

Chadwick N. Gardner, T. Thomas Conway, Louisville, KY, for appellee.

Before COMBS, MAZE, and NICKELL, Judges.

## OPINION

COMBS, Judge:

University Medical Center, Inc., d/b/a University of Louisville Hospital ("University Hospital"), appeals from an amended judgment of the Jefferson Circuit Court entered June 8, 2012, and an order of that court entered August 27, 2012, denying a motion to alter, amend, or vacate. University Hospital contends that the court erred by denying its motion to reduce the post-judgment interest rate of 12% on the judgment entered in favor of Michael G. Beglin on August 4, 2006. After our review, we affirm.

In July 2003, Michael Beglin's wife, Jennifer Beglin, was admitted to University Hospital for surgery. During her surgery, she suffered cardiac arrest. Although she was eventually revived, Jennifer suffered brain damage as a result of the deprivation of oxygen-carrying blood. She died on October 9, 2003, after life support systems were withdrawn.

On February 25, 2004, Beglin filed a medical malpractice action against University Hospital individually, as executor of the Estate of Jennifer W. Beglin, and as parent and next friend of his minor children, William Patrick Beglin and Kelly Ann Beglin. A jury trial was held in the summer of 2006.

After its deliberation, the jury found that the hospital had acted negligently in treating Beglin. It awarded $1,922,102.00 for the loss of Jennifer's power to earn money; $367,358.09 for her medical expenses; $7,543.00 for her funeral and burial expenses; and $1,500,000.00 to each child until age 18 for the loss of motherly love, affection, guidance, and services. Finally, the jury awarded $3,750,000.00 in punitive damages. In addition to the damages awarded, the trial court also provided for post-judgment interest at the statutory rate of 12% (compounded annually) in its judgment entered on August 4, 2006.

Following entry of the judgment, University Hospital filed a motion to reduce the post-judgment interest rate to 5.5%. In its motion, University Hospital contended that the statutory rate "does not reflect market conditions and amounts to an improper penalty against [the hospital] for pursing its right to make post-trial motions and, if necessary, an appeal." It attached the affidavit of an economist, Dr. Frank Slesnick, to support its contention that given the prevailing economic conditions, an appropriate interest rate should range between 5% and 6%. After a hearing, the trial court denied University Hospital's motion to reduce the rate of post-judgment interest and allowed interest at 12% as set forth in Kentucky Revised Statute[s] (KRS) 360.040.

University Hospital then appealed the judgment on two grounds: the alleged error as to a missing evidence instruction and the alleged impropriety of the punitive damages award. However, it did not identify the trial court's refusal to adjust the post-judgment interest rate as an issue on appeal.

In an opinion rendered on October 27, 2011, the Supreme Court of Kentucky affirmed the judgment awarding compensatory damages. *University Medical Center, Inc. d/b/a University of Louisville Hospital v. Beglin*, 375 S.W.3d 783 (Ky. 2011). However, it reversed the punitive damages award and remanded for entry of a new judgment. Before the opinion became final on March 22, 2012, University Hospital paid $7,377,003.74 toward the jury award (as modified by the decision of the Supreme Court of Kentucky) plus interest.

On April 5, 2012, University Hospital filed a second motion to reduce the 12% post-judgment interest rate specified in the original judgment to 5% (beginning on August 1, 2007). The trial court amended its judgment as directed by the Supreme Court of Kentucky, but it denied University Hospital's motion to reduce the post-judgment interest rate. The trial court concluded that law-of-the-case principles prevented it from considering any alteration in the interest rate allowed in its original judgment. It concluded that even if it were at liberty to revisit the issue, it would not exercise its discretion to alter the statutory interest rate.

University Hospital filed a notice of appeal with respect to the judgment entered

on remand. After the trial court denied a subsequent motion to alter, amend, or vacate filed by University Hospital, a second appeal was filed. Upon motion of University Hospital, we consolidated the appeals for all purposes.

On appeal, University Hospital contends that the trial court erred: by concluding that the doctrine of the law of the case prevented it from reconsidering University Hospital's motion to reduce the post-judgment interest rate pursuant to the provisions of KRS 360.040; by denying its motion for relief from the judgment filed pursuant to the provisions of Kentucky Rules of Civil Procedure (CR) 60.02(e) and (f); and by miscalculating the interest due under the judgment. We disagree with each of these assertions.

■ The law-of-the-case doctrine is "an iron rule, universally recognized, that an opinion or decision of an appellate court in the same cause is the law of the case for a subsequent trial or appeal however erroneous the opinion or decision may have been." *Union Light, Heat & Power Co. v. Blackwell's Adm'r*, 291 S.W.2d 539, 542 (Ky.1956). It is the mechanism by which matters once litigated and finally determined remain final. Its proper application is a question of law to be reviewed *de novo*.

■ In *Sowders v. Coleman*, 223 Ky. 633, 4 S.W.2d 731 (1928), our highest court explained that the doctrine perceives as settled "all errors lurking in the record on the first appeal which might have been, but were not expressly relied upon as error." The trial court did not err by concluding that the law-of-the-case doctrine applied to its initial judgment providing for the recovery of post-judgment interest since that matter was finally decided in the first appeal. When the Supreme Court of Kentucky remanded the case to the trial court with no instruction relevant to amending the 12% post-judgment interest rate, it became the law of the case that University Hospital is liable for such interest. University Hospital's second motion to reduce the rate of interest pursuant to the provisions of KRS 360.040 was an attempt to re-litigate an issue that had already been finally decided. *See Brooks v. Lexington–Fayette Urban County Housing Authority*, 244 S.W.3d 747 (Ky.App. 2007).

We reject the contention made by University Hospital that this matter is governed by the unpublished decision of this court in *Louisville–Jefferson County Metro Gov't v. Brooks*, 2013 WL 645955 (2013). In that decision, we held that the law-of-the-case doctrine does not apply to preclude assessment of post-judgment interest following remand since that was not a question decided by any court in the earlier phases of the litigation. That is not the procedural history with which we have been presented here.

■ Even if we were to accept the position of University Hospital that the trial court was not bound by law-of-the-case principles, we would nevertheless affirm the judgment on statutory grounds. In order to encourage a judgment debtor to comply promptly with the terms of a judgment and to compensate the judgment creditor for the judgment debtor's use of his money, the provisions of KRS 360.040 direct that a judgment "shall bear twelve percent (12%) interest compounded annually from its date." The statute allows the trial court to fix a lesser rate of interest on judgments for unliquidated damages, if "after a hearing on that question," the trial court is "satisfied that the rate of interest should be less than twelve percent (12%)." The statutory language clearly indicates that the decision to fix the post-judgment rate of interest at less than 12% is one

necessarily left to the sound discretion of the trial court. In this case, the trial court indicated that it would not reduce the rate of post-judgment interest even if it were not bound by the law-of-the-case doctrine. Under the circumstances, its decision did not constitute an abuse of its discretion.

In *Morgan v. Scott*, 291 S.W.3d 622 (Ky. 2009), the Supreme Court of Kentucky soundly rejected the judgment debtor's contention that the post-judgment interest rate should have been lowered because evidence of the current market rates demonstrated that a lower interest rate was appropriate. "[T]he fact that a trial court could have chosen to impose a lower interest rate does not necessarily mean that its decision to impose a higher rate was an abuse of discretion." *Id.* at 644. The court observed that "the fact that a twelve percent interest rate in today's economic climate may be well above the marketplace norm *is a matter properly to be considered by the General Assembly . . . . " Id.* (Emphasis added.) The court held that literal compliance with the terms of the statute did not imply an abuse of the trial court's discretion.

■ Next we consider University Hospital's related argument that the trial court erred by refusing to alter the judgment pursuant to provisions of CR 60.02, which permits the trial court to relieve a party from its final judgment upon such terms as are just. University Hospital contends that the historic drop in interest rates occasioned by United States Federal Reserve Board action taken during the economic downturn of 2008 renders prospective application of the judgment inequitable. We soundly disagree.

We reject this argument, in part, upon the same grounds as those expressed by the Supreme Court of Kentucky in *Emberton v. GMRI,* 299 S.W.3d 565 (Ky.2009). Confronted with a similar argument, the court carefully enunciated the following public policy concerns entailed in this case:

> Even if we were to accept GMRI's arguments that a trial court must lower the post-judgment interest rate to that popularly reflected by current economic indicators, we fear that the money-judgment appellant's compensation for lost use of his judgment could be substantially devalued and his very right to collect the judgment totally thwarted. In Kentucky, a money judgment is enforceable for fifteen years, *see* KRS 413.090(1), and, in that time, great economic variation can occur, including significant inflation. As a result, while twelve percent may be on the high end of today's market, a current market rate today may also, in time, prove so low as to inadequately compensate the money-judgment appellant awaiting payment. In addition, we note that where the rate of interest is significantly reduced, as would be the case here, it only seems natural that the appellee would have less reason to promptly pay the judgment, which in turn prolongs the appellant's risk of loss by exposing him to greater possibilities of the appellee's (or his surety's, where a supersedeas bond is posted) insolvency. We, therefore, believe that the statute's de facto rate reflects the realities of constantly changing financial conditions over the life of a money judgment and the inability of a trial judge—indeed, anyone—to predict the future.

*Id.* at 585. In addition to these factors, we note that the action of the Federal Reserve Board upon which University Hospital bases its contention also helped to usher in one of the nation's most enduring bull markets—a market that has produced returns for the average investor that have utterly eclipsed the 12% interest rate borne by Beglin's judgment over these

several years. It seems that even imposition of the "usurious rate" of 12% interest would not compel a savvy judgment debtor to pay promptly under prevailing market conditions. Appellant's brief at 8.

■ Finally, University Hospital contends that the trial court miscalculated the interest due under the terms of its judgment. It contends that the trial court erroneously computed interest for the day on which the judgment was originally entered rather than concluding that interest began to accrue the following day and that it erroneously awarded additional interest in leap years contrary to the provisions of KRS 360.040. We disagree.

KRS 360.040 provides that a judgment shall bear interest "annually from its date." This statute needs no interpretation. The trial court did not err by concluding that interest began to accrue from the date the judgment was entered—August 4, 2006, rather than the following day. Nor did the trial court err by concluding that Beglin was entitled to recover an extra day's interest for each of the leap years—2008 and 2012—covered by the judgment. Arguments to the contrary are simply incorrect.

We affirm the amended judgment of the Jefferson Circuit Court.

NICKELL, Judge, concurs.

MAZE, Judge, concurs with separate opinion.

MAZE, Judge, concurring.

I agree with the reasoning and result of the majority's well-written opinion, but I write separately to make three additional points. First, while University Hospital has argued that a 12% interest rate in tough economic times is unreasonable and unfair, I believe this matter is not and should not be before this court. Prior to the first appeal, University Hospital

moved the trial court to reduce the amount of post-judgment interest on the judgment, also arguing that the higher interest rate was excessive. After a hearing, the trial court denied the motion. No discussion of this issue took place in the first appeal. Following remand from the Supreme Court, University Hospital simply made the same policy argument which had been made and answered before. I agree with the majority that University Hospital is now barred from raising this issue again following remand from the Supreme Court.

Second, I fully agree with the majority that University Hospital has failed to show any grounds for relief even if the issue is properly presented in this appeal. KRS 360.040 governs how post-judgment interest is awarded:

A judgment shall bear twelve percent (12%) interest compounded annually from its date. A judgment may be for the principal and accrued interest; but if rendered for accruing interest on a written obligation, it shall bear interest in accordance with the instrument reporting such accruals, whether higher or lower than twelve percent (12%). Provided, that when a claim for unliquidated damages is reduced to judgment, such judgment may bear less interest than twelve percent (12%) if the court rendering such judgment, after a hearing on that question, is satisfied that the rate of interest should be less than twelve percent (12%). All interest parties must have due notice of said hearing.

In my opinion, the statute is clear, concise and needs no interpretation. By its express terms, the statute grants to trial courts the discretion to impose a post-judgment interest rate of less than 12%. *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 584 (Ky.2009). Indeed, in *Emberton* and

*Morgan v. Scott,* 291 S.W.3d 622 (Ky.2009), our Supreme Court rejected the same argument which University Hospital makes here. Although a trial court may consider the effects of the recent economic downturn in determining whether to award a lower interest rate on post-judgment interest, it is not obligated to do so. *Emberton,* 299 S.W.3d at 585; *Morgan,* 291 S.W.3d at 644. The fact that the trial court could have chosen to impose a lower interest rate does not necessarily mean that its decision to impose a higher rate was an abuse of discretion.

Finally, University Hospital seeks relief under CR 60.02(e) & (f). I believe reliance upon that rule is misplaced. Modification of a judgment under these sections is to be used sparingly and with caution. *Asset Acceptance, LLC v. Moberly,* 241 S.W.3d 329, 332 (Ky.2007). University Hospital makes much of the hardship imposed due to the decline of the economy during the time period of this case. However, I do not believe that University Hospital has shown that it is entitled to relief under either the equitable standard for relief under CR 60.02(e), or the "extraordinary" standard for relief under CR 60.02(f). For the reasons set out above, the trial court did not abuse its discretion by denying University Hospital's motion for relief from the judgment under CR 60.02.