RENDERED: SEPTEMBER 24, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1125-MR

MEREDITH L. LAWRENCE                                                        APPELLANT

APPEAL FROM KENTON CIRCUIT COURT
HONORABLE KATHLEEN S. LAPE, JUDGE
ACTION NO. 13-CI-01620

v.

BINGHAM GREENEBAUM DOLL, L.L.P.                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

MAZE, JUDGE: Appellant, Meredith L. Lawrence, appeals from a judgment of

the Kenton Circuit Court following the Kentucky Supreme Court's mandate to

reinstate a default judgment in favor of Appellee, Bingham Greenebaum Doll,

L.L.P., and enter the award, including interest and costs, accordingly. For the

following reasons, we affirm.

## BACKGROUND

Appellant, Meredith L. Lawrence, was previously represented by Appellee, Bingham Greenebaum Doll, L.L.P. (Bingham), through its attorneys (principally, J. Richard Kiefer) in a federal criminal matter involving tax evasion charges. Bingham's representation of Lawrence began in 2008 after federal authorities raided Lawrence's properties.

Lawrence was indicted in 2011 and fell behind on paying his legal fees by the end of that year. In June 2012, Lawrence agreed to a promissory note for the outstanding legal fees already incurred and to be incurred. A jury subsequently found Lawrence guilty and convicted him on three counts of filing false tax returns. He was sentenced to twenty-seven months in prison and ordered to pay $128,253 in restitution to the United States Treasury. Lawrence's conviction was affirmed on direct appeal. *See United States v. Lawrence*, 557 Fed. App'x 520 (6th Cir. 2014).

In 2013, Lawrence filed suit against Bingham, Mr. Kiefer, and others in Kenton Circuit Court for legal malpractice related to his criminal defense. Bingham filed an answer denying negligence and counterclaimed for its unpaid fees and expenses. A default judgment on Bingham's counterclaim was entered in 2014 after Lawrence failed to respond. This judgment was voided by the circuit court in 2016, and the Court of Appeals affirmed that decision in 2017.

Subsequently, the Kentucky Supreme Court reversed and remanded the case back to the circuit court with the mandate to reinstate the default judgment in Bingham's favor. *Bingham Greenebaum Doll, LLP v. Lawrence*, 567 S.W.3d 127, 131 (Ky. 2018). The Supreme Court denied Lawrence's petition for rehearing in March 2019.

On remand, pursuant to the Supreme Court's mandate, the circuit court entered judgment in Bingham's favor in April 2019 in the amount of $472,504.86, with interest accruing at 8% per annum from July 2, 2012 until paid in full. From April through June 2019, Lawrence filed four post-judgment motions challenging the judgment. The circuit court denied all of these motions in July 2019. Lawrence again appeals. With no payments having been made by Lawrence to satisfy the judgment, the amount owed to Bingham as of January 1, 2021 was in excess of $900,000.

Lawrence has filed a litany of post-conviction appeals and petitions, and "has now exhausted all conventional post-conviction direct and collateral attacks against his conviction." *Lawrence v. Bingham, Greenebaum, Doll, L.L.P.*, 567 S.W.3d 133, 136 (Ky. 2018). Undeterred, Lawrence's new appeal challenges the Kenton Circuit Court's declining to adjudicate his CR[1] 55.02 and CR 60.02 motions.

---

[1] Kentucky Rules of Civil Procedure.

-3-

## STANDARD OF REVIEW

On remand, a trial court must strictly follow the mandate given by an appellate court in that case. *Buckley v. Wilson*, 177 S.W.3d 778, 781 (Ky. 2005). In a subsequent appeal following a retrial after remand, this Court's role is limited to whether the trial court properly construed and applied the mandate. *Inman v. Inman*, 648 S.W.2d 847, 849 (Ky. 1982). An appellate court's review of whether a trial court properly followed an appellate court's mandate is *de novo*. *See Univ. Med. Ctr., Inc. v. Beglin*, 432 S.W.3d 175, 178 (Ky. App. 2014).

## ANALYSIS

### I.     CR 55.02 and 60.02

CR 55.02 states, "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." CR 60.02 states that on motion a court may, upon such terms as are just, relieve a party from its final judgment upon the grounds of mistake, inadvertence, surprise or excusable neglect, newly discovered evidence, perjury or falsified evidence, fraud, the judgement being void or otherwise vacated, or other reasons of an extraordinary nature justifying relief.

None of the justifications for the overturning of a final judgment in CR 60.02 are present in Lawrence's case. Furthermore, Lawrence has already exhausted this route. Lawrence filed a post-judgment motion in the Kenton Circuit

Court on April 12, 2019, seeking relief under CR 59.05, 55.01, 55.02, and 60.02. He subsequently filed another three motions seeking relief under other related Kentucky Rules of Civil Procedure. The circuit court stated that it entered its order and judgment pursuant to the mandate of the Kentucky Supreme Court's December 13, 2018, opinion. The court correctly stated that it is bound by the Supreme Court's mandate. All of Lawrence's motions were denied by the circuit court, and we find no error in the court's decision.

## II. Claim Preclusion

Lawrence's arguments, which are not entirely clear from his briefs, appear to claim that the default judgment in favor of Bingham should not have been granted in 2014. He further argues that the circuit court's former voiding of that judgment was correct. The Kentucky Supreme Court, however, reversed the circuit court's decision. The Supreme Court specifically held "that the trial court erred in setting aside the default judgment and that the Court of Appeals similarly erred in affirming that Order." *Lawrence*, 567 S.W.3d at 128. The Supreme Court "remanded [this case] to the Kenton Circuit Court with directions to reinstate the default judgment in favor of Bingham." *Id*. Because the circuit court followed the mandate, its decision to reinstate the judgment in favor of Bingham should be affirmed.

Upon remand, a trial court lacks discretion to do anything different than what an appellate court orders it to do. *See Johnson v. Commonwealth*, 450 S.W.3d 707, 711 (Ky. 2014). "It is fundamental that when an issue is finally determined by an appellate court, the trial court must comply with such determination. The court to which the case is remanded is without power to entertain objections or make modifications in the appellate court decision." *Williamson v. Commonwealth*, 767 S.W.2d 323, 325 (Ky. 1989).

It should be noted that the Supreme Court did not remand this case for further consideration of any legal issue or for the circuit court to hear any argument. Lawrence also has not argued that the circuit court entered a judgment different than what the Supreme Court ordered it to enter. Also, the Supreme Court stated that Lawrence was barred by claim preclusion from reneging on his obligation owed per the promissory note. *Lawrence v. Bingham Greenebaum Doll, L.L.P.*, 599 S.W.3d 813, 826 (Ky. 2019).

<u>CONCLUSION</u>

For the foregoing reasons, we affirm the judgment of the Kenton Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Meredith L. Lawrence, *pro se*
Katy Lawrence
Warsaw, Kentucky

BRIEF FOR APPELLEE:

Aaron A. Vanderlaan
Frank K. Tremper
Covington, Kentucky