# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED:  SEPTEMBER 22, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0029-MR

CARLOS DEANDRE JENKINS                                                    APPELLANT


ON APPEAL FROM FAYETTE CIRCUIT COURT
V.                     HONORABLE KIMBERLY N. BUNNELL, JUDGE
CASE NO. 17-CR-1028



COMMONWEALTH OF KENTUCKY                                           APPELLEE


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Carlos Deandre Jenkins, the Appellant, comes before this Court for a second time as a matter of right,[1] arguing the trial court failed to follow this Court's instructions for resentencing in our decision of *Jenkins v. Commonwealth*, 607 S.W.3d 601, 617 (Ky. 2020). In that decision, we vacated Jenkins' PFO-II conviction and remanded to the trial court for resentencing. The trial court, rather than conduct a new penalty phase with a jury as Jenkins desired, simply imposed the sentence of the jury prior to enhancement under the PFO-II conviction. Then, in its discretion, the trial court ordered the sentences for each count run consecutively for a total of 65 years' imprisonment. Jenkins now argues this is not what we instructed, and that

---

[1] Ky. Const. § 110(2)(b).

such a procedure is in fact contrary to law. For the following reasons, we affirm the trial court.

## I. Facts

The underlying facts of Jenkins' crimes are irrelevant here and interested persons can readily find the details in our previous decision. *Id.* at 605-07. What is relevant is he was found guilty of

> first-degree assault, eight counts of first-degree wanton endangerment, tampering with physical evidence, and [the jury] found him to be a second-degree PFO. The jury recommended a life sentence plus consecutive terms of imprisonment for the remaining offenses. The trial court imposed a sentence of life and fifty years' imprisonment to run concurrently.

*Id.* at 607. At the circuit court, the trial was conducted according to the prevailing law of the Commonwealth. There was a guilt phase and a penalty phase. Because there was a PFO-II charge, the penalty phase and the PFO-II phase were combined. This is

> because the same evidence that is pertinent toward fixing the penalty is also pertinent for consideration in the enhancement of sentence, and the jury in the combined bifurcated hearing could be instructed to (1) fix a penalty on the basic charge in the indictment; (2) determine then whether the defendant is guilty as a persistent felony offender, and if so; (3) fix the enhanced penalty as a persistent felony offender.

*Commonwealth v. Reneer*, 734 S.W.2d 794, 798 (Ky. 1987). Thus, before sentencing on the underlying charges was fixed, the jury also heard evidence purportedly demonstrating Jenkins was a persistent felony offender. The Commonwealth focused on this PFO-II status and the consequent enhancement of his sentences in making closing arguments to the jury. The

2

jury was subsequently instructed to recommend a sentence for the underlying crimes they had already determined Jenkins to be guilty of; then determine whether he was guilty of being a PFO-II; then, if they found him guilty of being a PFO-II, to recommend the enhanced sentences, including a recommendation as to whether they should be concurrent or consecutive. On his first appeal, Jenkins argued his PFO-II conviction could not stand since no evidence was presented that a court had ever imposed a one-year or more sentence of imprisonment upon him. *Jenkins*, 607 S.W.3d at 614. We agreed and vacated the PFO-II conviction. *Id.* at 617. We then instructed upon remand,

> As the trial court should have dismissed the PFO charge or granted Jenkins's directed verdict motion, we reverse Jenkins's conviction for being a second-degree PFO, vacate his sentence, and remand to the Fayette Circuit Court for resentencing. As we have stated, "in those cases where the only reversible error relates to the PFO charge, there is a sentence on the underlying charge, limiting the necessary proceedings on remand." *Montgomery v. Commonwealth*, 320 S.W.3d 28, 49 n.4 (Ky. 2010).

*Id.*

On remand, Jenkins requested a jury conduct the resentencing, arguing the underlying sentence was tainted because evidence for the PFO-II charge was presented prior to the jury recommending concurrent or consecutive sentences. The Commonwealth argued the court could impose sentence without a jury, per our instructions. The trial court agreed with the Commonwealth. A sentencing hearing was later conducted, where Jenkins, per his own briefing, renewed his objection to the court conducting the resentencing but also "argued for the trial court to consider adopting the jury's

3

concurrent/consecutive recommendation and fix the sentence at 45 . . . years." The trial court imposed a 65-year sentence of imprisonment. Jenkins now argues this was both contrary to our instructions and to law.

## II.  Analysis

The issues before us concern law of the case. "The law-of-the-case doctrine is 'a mechanism by which matters once litigated and finally determined remain final. Its proper application is a question of law to be reviewed *de novo*.'" *Kincaid v. Johnson, True & Guarnieri, LLP*, 538 S.W.3d 901, 917 (Ky. App. 2017) (quoting *Univ. Med. Ctr., Inc. v. Belgin*, 432 S.W.3d 175, 178 (Ky. App. 2014)). "[I]f, on a retrial after remand, there was no change in the issues or evidence, on a new appeal the questions are limited to whether the trial court properly construed and applied the mandate." *Iman v. Iman*, 648 S.W.2d 847, 849 (Ky. 1982).

The trial court's understanding of our instructions in Jenkins' original appeal was correct. When we quoted *Montgomery v. Commonwealth*, 320 S.W.3d 28, 49 n.4 (Ky. 2010), we were quoting a case that specifically held merely procedural errors in PFO convictions were not a manifest injustice. *Id.* at 49. *Montgomery* further cited the case of *Commonwealth v. Reneer* for support of the procedure whereby a jury fixes "an underlying sentence first before recommending any PFO sentence." *Id.* Then in a footnote we clarified that such a procedure was preferable because where there is an original non-PFO enhanced sentence, the proceedings for resentencing on remand were limited, i.e., a jury need not be involved. *Id.* at 49 n.4. In short, our previous

4

ruling unambiguously conveyed our belief that Jenkins' PFO enhanced sentence did not affect the underlying sentence and that a jury resentencing was unnecessary. The citation to *Montgomery* removed any doubt as to our intent. The trial court did not err in its understanding of our instruction upon remand.

The unambiguity of our instruction affects Jenkins' second appeal. We have reviewed the briefing from the previous appeal, and we find no mention in it of the issue he now raises concerning the evidentiary taint of the underlying sentence. Jenkins originally attacked his PFO-II conviction and sentence because of a lack of evidence that he was ever previously sentenced to one year or more in prison. He did not attack the underlying sentence because of improper evidence presented to the jury prior to recommending concurrent or consecutive sentences. Nor did he file a petition for modification after we rendered our decision—requesting clarification of our instruction or asking that we address this evidentiary issue—which is what he should have done had he truly believed *Montgomery* was not "on point" for his case and therefore not sufficient guidance to the trial court.

It has long been the rule that "[w]hen an appellate court decides a question concerning evidence or instructions, the question of law settled by the opinion is final upon a retrial in which the evidence is substantially the same and precludes the reconsideration of the claimed error on a second appeal." *Siler v. Williford*, 375 S.W.2d 262, 263 (Ky. 1964). And the corollary to this rule is "that all the errors and irregularities appearing in the original record, and

5

which could have been corrected by the [first] appeal, must now be regarded as settled and adjudicated, and can afford neither a cause for a review, for a rehearing in the court below, nor for correction now in this court . . ." on a second direct appeal. *Mason v. Mason*, 68 Ky. 187, 193 (Ky. 1869). In a word, the evidentiary question Jenkins raises has been waived and he cannot now complain the relief he requested in his original appeal—vacating his PFO-II conviction and sentence—was insufficient.

Finally, Jenkins argues the trial judge sentencing him to consecutive sentences was an abuse of discretion. Jenkins is correct that this is a matter of discretion. KRS 532.110(1); *Dotson v. Com.*, 740 S.W.2d 930, 931-32 (Ky. 1987). But we find no merit in the contention that the court abused its discretion. The trial judge on resentencing was the same as at the original trial thus, she was familiar with all the evidence. The trial court also stated she had considered the pre-sentence investigation report from the original trial prior to resentencing. Jenkins' only "evidence" that the trial court abused its discretion is to quote an isolated sentence uttered by the Commonwealth during oral arguments.[2] That is not a sound basis to find an abuse of discretion since arguments are not evidence. *Mayse v. Com.*, 422 S.W.3d 223, 227 (Ky. 2013). Nor is there any indication that the trial court was specifically persuaded by that one sentence to order consecutive sentencing, rather than on the totality

---

[2] The Commonwealth's attorney on remand had argued to the trial court "nothing has changed, the jury heard all of the facts of the case, the jury heard the prior record, and after hearing all of the evidence, they recommended this incredibly stiff penalty, the highest under the law."

6

of the evidence and the pre-sentence investigation report. The Fayette Circuit Court is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT

Robert C. Yang
Assistant Public Advocate

COUNSEL FOR APPELLEE

Daniel J. Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General