RENDERED:  NOVEMBER 9, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1521-MR

JESSICA J. CARR                                                APPELLANT


|  | APPEAL FROM TRIGG CIRCUIT COURT |
|---|---|
| v. | HONORABLE C.A. WOODALL III, JUDGE |
|  | ACTION NO. 17-CI-00097 |


MARK W. CARR                                                 APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND EASTON, JUDGES.

EASTON, JUDGE:  In a prior appeal of this child custody dispute, we affirmed the circuit court's decision in favor of joint custody.  We remanded this case solely for a determination of whether the statutory presumption for equally shared parenting time had been overcome.  Now we have this second appeal.

Appellant ("Jessica") seeks reversal of the circuit court's Findings of Fact, Conclusions of Law, and Final Order on Parenting Time.  In this order, the

circuit court concluded that Jessica had not rebutted the statutory presumption of equal parenting time in KRS[1] 403.270(2). The circuit court ordered equal parenting time between the parties, with a week-to-week schedule. Jessica alleges the circuit court abused its discretion in this ruling.

Jessica believes the circuit court disregarded its previous factual findings, specifically the acceptance of certain opinions of court-appointed experts. Jessica also asserts the circuit court improperly considered some evidence of events that had occurred since its prior decision while disregarding other such evidence. Jessica believes the circuit court should have held a new hearing to revisit all the issues and determine the best interest of the child because so much time had passed since the original hearing.

For the reasons which follow, we conclude the circuit court was not required to conduct a new, full-blown evidentiary hearing after the previous remand by this Court. The circuit court was not strictly held to its prior conclusions. Indeed, we directed a process to evaluate only the shared parenting time issue under the affirmed joint custody decision. There was no abuse of discretion by the circuit court in its decision on remand. Thus, we affirm the ruling of the Trigg Circuit Court.

---

[1] Kentucky Revised Statutes.

## FACTUAL AND PROCEDURAL HISTORY

We need not repeat all the details from our prior lengthy appeal decision, but some background is necessary. Jessica and Appellee ("Mark") were married in 2010. Jessica filed her dissolution of marriage petition in 2017. The parties have one child, J.C., who was four when this case began. The parties have been contentiously litigating custody of this child to his probable detriment for most of his life.

The parties had a final custody hearing on two days in November of 2018. A third day was required to conclude the hearing in February of 2019. Jessica sought sole custody of J.C., with Mark receiving supervised visitation. Mark wanted joint custody with him designated the primary residential parent. The circuit court issued its Findings of Fact, Conclusions of Law, and Final Custody Order in August of 2019. In this order, the circuit court made 125 findings of fact.

The circuit court heard testimony from the parties, as well as multiple expert witnesses, including a court-appointed custody evaluator, and therapists. The circuit court's ultimate order was for joint custody, which is subject to a presumption. But the circuit court separately concluded that Jessica would have more than equally shared parenting time. The circuit court designated Jessica the

primary residential parent, with Mark to have visitation in accordance with the usual guidelines applied in that circuit.

Both Mark and Jessica filed motions to alter, amend, or vacate the final custody order. The circuit court heard these motions in September of 2019 and denied the primary relief sought by both sides in October of 2019. Mark filed his timely Notice of Appeal. Jessica filed her timely Notice of Cross-Appeal two days later.

In the initial appeal,[2] Mark questioned the circuit court's timesharing order, alleging the court erred when it did not consider the statutory presumption of equal timesharing prior to making the best interest of the child analysis. Mark further argued the circuit court did not make sufficient findings for its conclusion that Jessica had rebutted the presumption. In her cross-appeal,[3] Jessica argued the circuit court abused its discretion by not granting her sole custody. She additionally alleged the circuit court made several evidentiary errors.

This Court rendered an opinion[4] encompassing both appeals in March of 2022. The Kentucky Supreme Court denied discretionary review and ordered the opinion to not be published. Because the prior opinion lays out much of the

---

[2] No. 2019-CA-1780-MR.

[3] No. 2019-CA-1781-MR.

[4] *Carr v. Carr*, 659 S.W.3d 872 (Ky. App. 2022) (depublished).

-4-

testimony involved in the current appeal, we again choose not to rehash the entire history of this heavily litigated custody dispute here.

On Jessica's prior appeal, this Court affirmed the circuit court's rulings, determining the circuit court did not abuse its discretion in its evidentiary rulings and made no clearly erroneous findings. This Court further upheld the circuit court's award of joint custody. On Mark's prior appeal, this Court agreed with Mark that the circuit court did not apply the statutory presumption of equal parenting time. This Court determined the circuit court's order contained no findings to explain why it chose to deviate from the presumption. The portion of the final custody order pertaining to parenting time was vacated. This court directed:

> Accordingly, we must hold that the circuit court erred as a matter of law related to the issue of parenting time and vacate the order awarding Mark visitation pursuant to the Guidelines for visitation/time-sharing of the 56th Judicial Circuit. On remand, the court:
>
>> must begin its analysis with the rebuttable presumption that equal parenting time is in Child's best interest. Should the family court determine either party has presented sufficient evidence to overcome the presumption, it must expressly so state and provide supportive factual findings. It must craft a parenting time schedule designed to maximize Child's time with each parent consistent with ensuring Child's welfare.

*Pittman*, 2020 WL 2095903, at *6

> For the foregoing reasons, the portion of the final custody order of the Trigg Circuit Court as to parenting time is vacated, and this matter is remanded to the circuit court for further proceedings in accordance with this Opinion. The portion of the final custody order awarding joint custody is affirmed.

*Carr*, *supra*, at 894.

On remand, Mark filed a Motion to Enter Amended Parenting Time Schedule in Light of Directives on Remand. In this motion, he asked the circuit court to grant him equal parenting time with J.C. Jessica and J.C.'s Guardian ad Litem ("GAL") filed responses to Mark's motion. Jessica objected to any change of the parenting schedule without a new hearing. She recognized that this Court did not compel a change in the circuit court's conclusion, just that it required more explanation of its reasoning. Jessica felt the circuit court should consider the events of the three to four years after the last hearing before possibly modifying the timesharing schedule.

The GAL generally agreed with Jessica. He recommended that no change should be granted until the circuit court could consider updated evidence and until the GAL was able to interview J.C. The GAL stated alternatively, that if the circuit court's decision on remand must be based on the record at the time of the appeal, he recommended the schedule should not be changed from the initial custody order.

-6-

Mark filed a reply to Jessica and the GAL. He stated his motion was not a new motion to modify custody. Because this Court vacated the prior custody order with specific directions, there is nothing to modify as that term would usually be applied to a custody case. Mark believed this Court did not re-open the case for additional evidence.

The circuit court issued its Findings of Fact, Conclusions of Law, and Final Order on Parenting Time without hearing additional evidence. In this order, the circuit court stated it believed it was bound on remand to consider the case based on the record at the close of the bench trial and prior final submission of the case. The circuit court, in its order, stated:

> Petitioner has the burden of proof to overcome the statutory presumption by a preponderance of the evidence. In retrospect, in considering all relevant factors, including those set out in KRS 403.270(2), the Court does not find that Petitioner has rebutted the presumption for equal time sharing.
>
> This Court realizes that the Court of Appeals did not mandate a different decision from this Court's original one. However, all relevant factors being considered, this is obviously a different outcome and the Court finds and concludes that equal parenting time is in the best interest of J.W.C.[5]

---

[5] Findings of Fact, Conclusions of Law, and Final Order on Parenting Time, entered 10/27/2022, page 3.

The circuit court then established a week-to-week schedule, with the parties exchanging J.C. on Sundays at 7:00 p.m. each week. Further details involving school breaks and holidays were also included in the order.

Jessica filed a Motion to Alter, Amend, or Vacate, and Motion for Additional Findings. She argued the Court of Appeals' opinion did not prohibit the circuit court from considering new evidence. The GAL filed a response, generally agreeing with Jessica. The circuit court entered an order confirming Jessica had not rebutted the statutory presumption of equal timesharing and denied Jessica's motion. Jessica timely filed her Notice of Appeal for this second appeal.

**STANDARD OF REVIEW**

Appellate review of custody decisions is for abuse of discretion. *Gertler v. Gertler*, 303 S.W.3d 131, 133 (Ky. App. 2010). Abuse of discretion occurs when a ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

We are allowed to set aside the trial court's factual findings only if they are clearly erroneous. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). Findings of fact are clearly erroneous when they are not supported by substantial evidence. *Id*. "Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion and evidence that, when taken alone or in the light of all the evidence, has sufficient probative value to induce conviction

-8-

in the minds of reasonable men." *Id.* (internal quotation marks, footnotes, brackets, and ellipses omitted). Due regard must be given when the trial court assesses witness credibility. CR[6] 52.01.

"If, after review, this Court determines the factual findings do not present clear error, the analysis shifts to an examination of the trial court's legal conclusions, looking for abuse of discretion using a *de novo* standard." *Jones v. Jones*, 510 S.W.3d 845, 848 (Ky. App. 2017). "If, on a retrial after remand, there was no change in the issues or evidence, on a new appeal the questions are limited to whether the trial court properly construed and applied the mandate." *Kincaid v. Johnson, True & Guarnieri, LLP*, 538 S.W.3d 901, 917 (Ky. App. 2017) (brackets omitted). A retrial is not always directed on a remand. An appellate court's review of whether a trial court properly followed an appellate court's mandate is *de novo. See Univ. Med. Ctr., Inc. v. Beglin*, 432 S.W.3d 175, 178 (Ky. App. 2014).

## ANALYSIS

Jessica makes several allegations of error on the part of the circuit court after the remand. First, she argues its conclusion that she failed to rebut the presumption of equal parenting time was an abuse of discretion. Relatedly, she argues the circuit court abused its discretion in failing to adhere to the parenting schedule originally set out in its initial custody order. She alleges the circuit

---

[6] Kentucky Rules of Civil Procedure.

-9-

court's conclusions of law generally are abuses of discretion and its findings of facts are clearly erroneous. Finally, she argues the circuit court erred as a matter of law in its consideration of evidence on remand.

Initial custody determinations are controlled by KRS 403.270.

KRS 403.270(2) states as follows:

The court shall determine custody in accordance with the best interests of the child and equal consideration shall be given to each parent . . . there shall be a presumption, rebuttable by a preponderance of evidence, that joint custody and equally shared parenting time is in the best interest of the child. If a deviation from equal parenting time is warranted, the court shall construct a parenting time schedule which maximizes the time each parent or de facto custodian has with the child and is consistent with ensuring the child's welfare. The court shall consider all relevant factors including:

(a) The wishes of the child's parent or parents . . . as to his or her custody;

(b) The wishes of the child as to his or her custodian, with due consideration given to the influence a parent . . . may have over the child's wishes;

(c) The interaction and interrelationship of the child with his or her parent or parents, his or her siblings, and any other person who may significantly affect the child's best interests;

(d) The motivation of the adults participating in the custody proceeding;

(e) The child's adjustment and continuing proximity to his or her home, school, and community;

(f) The mental and physical health of all individuals involved;

(g) A finding by the court that domestic violence and abuse . . . has been committed by one (1) of the parties against a child of the parties or against another party. The court shall determine the extent to which the domestic violence and abuse has affected the child and the child's relationship to each party, with due consideration given to efforts made by a party toward the completion of any domestic violence treatment, counseling, or program;

. . .

(k) The likelihood a party will allow the child frequent, meaningful, and continuing contact with the other parent . . . except that the court shall not consider this likelihood if there is a finding that the other parent . . . engaged in domestic violence and abuse . . . against the party or a child and that a continuing relationship with the other parent will endanger the health or safety of either that party or the child.

The circuit court made detailed findings of fact in its initial custody order in 2019. In its subsequent order after remand, the circuit court generally did not abandon those findings. Jessica argues there are three additional findings in the 2022 custody order which are clearly erroneous. She claims the finding of fact that she had not rebutted the statutory presumption of equal parenting time

-11-

(although this may be best characterized as a conclusion rather than a finding), and relatedly, the finding that equal parenting time is in the child's best interest, are both clearly erroneous. She also argues the finding that Dr. Feinberg[7] did not recommend equal time sharing due to the distance between the parties to be clearly erroneous.

A review of the findings of fact of the circuit court do not illustrate the clear picture that Jessica sees. Jessica believes that the circuit court's findings overall show overwhelmingly that she has overcome the statutory presumption of equal timesharing. We do not agree. As previously stated, the circuit court incorporated most of its previous findings into the later custody order. Those findings were reviewed by this Court previously, and they were not found to be clearly erroneous. Taken as a whole, the findings do not dictate a conclusion that Jessica has overcome the statutory presumption of equal timesharing.

Jessica contends the circuit court's reversal of its prior holding is an abuse of discretion, and she points specifically to the recommendations of the testifying experts. Jessica is correct in that the GAL, the child's therapist, and the court appointed expert, Dr. Feinberg, recommended that she be the primary residential parent. But a court is not required to adhere to an expert's recommendations.

---

[7] The court-appointed custodial evaluator.

"KRS 403.270 provides that the court must consider numerous factors, not just psychological evaluations." *Reichle v. Reichle*, 719 S.W.2d 442, 445 (Ky. 1986). An expert's opinion is merely a piece of the evidence for the circuit court to consider in its "best interests" determination. An unpublished case Jessica relies upon in her brief states "As set forth above, KRS 403.290 allows a court to seek the assistance of experts in making custody evaluations; however, it is not bound to follow their recommendations." *Gautney v. Brasher*, No. 2012-CA-002197-ME, 2013 WL 5676860, at *3 (Ky. App. Oct. 18, 2013).

We also note the irony in Jessica arguing so strenuously that the circuit court on remand improperly rejected the recommendations of Dr. Feinberg considering Jessica vehemently opposed the circuit court even hearing his testimony originally. The circuit court correctly determined that Dr. Feinberg was qualified to offer his opinions, and Jessica's prior concerns went to the weight of his testimony, not its admissibility. Now, when Jessica is relying on Dr. Feinberg's recommendations, she claims his opinion should be given more weight than the circuit court gave it.

The weight to be given such testimony is for the circuit court to determine. CR 52.01. "As the factfinder, it is the trial court's prerogative to make findings of fact according to its own weighing of the evidence." *Cabinet for Health & Fam. Servs. v. L.G.*, 653 S.W.3d 93, 101 (Ky. 2022). It is the

-13-

factfinder's "prerogative to weigh the credibility of the various experts and decide whose opinions to accept and whose to reject." *Miller ex rel. Monticello Banking Co. v. Marymount Med. Ctr.*, 125 S.W.3d 274, 278 (Ky. 2004).

Jessica further argues the circuit court abused its discretion when it changed its conclusion in the final custody order regarding the presumption of equal parenting time. This argument has no merit. The circuit court did what it was instructed to do by this Court. It started with the presumption that equal parenting time was in the child's best interests, then reviewed its findings to determine if Jessica had overcome that presumption. The fact that the circuit court changed its mind when it looked at the facts from a different starting point does not make the decision an abuse of discretion.

Jessica further argues that the circuit court should have outlined the findings it relied upon when determining she had not overcome the statutory presumption. However, it is not a requirement of a court to detail the findings it made when finding a presumption had not been rebutted. *Workman v. Wesley Manor Methodist Home*, 462 S.W.2d 898, 901 (Ky. 1971). A presumption must be overcome. To conclude that a presumption **has** been overcome, as opposed to when it has not "the trial court must provide written findings of fact with reference to the specific evidence supporting its determinations." *Goodlett v. Brittain*, 544 S.W.3d 656, 664 (Ky. App. 2018).

-14-

Jessica's final argument is that the circuit court erred in its consideration of some evidence upon remand. She insists that this Court's remand to the circuit court required the circuit court to hold a new evidentiary hearing before changing the parenting time decision. We do not agree.

This Court's directive to the circuit court was: "the portion of the final custody order of the Trigg Circuit Court as to parenting time is vacated, and this matter is remanded to the circuit court for further proceedings in accordance with this Opinion." *Carr*, 659 S.W.3d at 894.

"The trial court must strictly follow the mandate set out in the prior appellate decision. In a subsequent appeal following remand, this Court's role is limited to whether the trial court properly construed and applied the mandate." *James v. James*, 636 S.W.3d 549, 554 (Ky. App. 2021) (citations omitted). Both Mark and Jessica are correct in stating that this Court did not expressly require or prohibit the circuit court from hearing new evidence prior to issuing the custody order. The circuit court then did not abuse its discretion in declining to hold an additional hearing.

The circuit court properly informed the parties of how a new hearing could have been sought. As pointed out by the circuit court in its Order on Petitioner's Motion to Alter, Amend, or Vacate and Motion for Additional Findings, while the circuit court declined to hear additional evidence on the

-15-

remand, it would have been permissible for Jessica to file a motion[8] to modify parenting time once the remand decision had been made. A hearing on this new motion could include consideration of the amount of time that has elapsed since the final hearing, but this does not change the limited purpose of the remand.

Jessica further argues the circuit court erred in regarding some facts about events which occurred since the hearing while declining to hold a full evidentiary hearing. This is a meritless argument. Jessica alleges the circuit court took two facts into consideration in making its new final custody order. The first is the child's age. It is beyond even the strictures of judicial notice[9] that parties involved in litigation all age during the pendency of a case. To recognize the current age of J.C. was not an erroneous new finding of fact nor an abuse of discretion in the consideration of evidence.

The second fact Jessica alleges the circuit court considered was the suggestion that Mark had moved closer to Jessica. It is unclear from the record if this fact was established, and there is no indication that the circuit court relied on this information in rendering its custody decision. Jessica makes the argument that the circuit court's statement: "[t]he primary fact that the Court relied on for its

---

[8] KRS 403.320(3) permits a motion to change parenting time at any time after the original decision has been made pursuant to KRS 403.270. *Layman v. Bohanon*, 599 S.W.3d 423 (Ky. 2020).

[9] Kentucky Rules of Evidence ("KRE") 201.

initial ruling was the opinion of Dr. Feinberg expressed in finding of Fact 69 that he did not recommend equal time sharing because of the distance between the parties" shows that the circuit court relied on the proposition that Mark had since moved. At the time of the initial hearing, the parties lived in neighboring counties. The record does not show if they have moved. Again, there was no clear error in any factual finding, and the circuit court did not abuse its discretion in the decision for equally shared parenting time, which is presumed by law to be in the best interests of J.C.

## CONCLUSION

The Trigg Circuit Court properly acted within its discretion and followed this Court's direction upon remand. Its findings of fact are not clearly erroneous. Its conclusions of law are correct, and its decision to order equally shared parenting time was not an abuse of discretion. The Trigg Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

William F. McGee, Jr.
Smithland, Kentucky

Thomas E. Banks III
Louisville, Kentucky

BRIEF FOR APPELLEE:

James G. Adams III
Hopkinsville, Kentucky

Julia T. Crenshaw
Hopkinsville, Kentucky